UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
STEVEN ITALIANO, JUNE GIOIA, SUSAN
WHITE, DOREEN VAZQUEZ and CHRIS
PIERRE,
Individually and on behalf of all others
similarly situated

Docket No.: 14-cv-00018-
LDW-ARL

                              Plaintiff,

    -against-

MIDLAND FUNDING, LLC and MIDLAND
FUNDING, LLC DBA IN NEW YORK AS
MIDLAND FUNDING OF DELAWARE, LLC


    Defendants.
----------------------------------------------------------x


**MIDLAND FUNDING, LLC's MEMORANDUM IN OPPOSITON TO PLAINTIFFS' MOTION FOR REMAND**


                              R. David Lane, Jr. (RL 2806)
                              Marshall Dennehey Warner Coleman & Goggin
                              *Attorneys for Defendant*
                              *MIDLAND FUNDING, LLC*
                              Wall Street Plaza
                              88 Pine Street, 21st Floor
                              New York, New York 10005
                              T: (212) 376-6400
                              F: (212) 376-6490
                              **RDLane@mdwcg.com**

## **TABLE OF CONTENTS**

THE NOTICE OF REMOVAL AND THE COMPLAINT ARE SUFFICENT TO SHOW THAT THIS COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION. ALTERNATIVELY, THE COURT SHOULD PERMIT MIDLAND TO FILE AN AMENDED OR SUPPLEMENTAL NOTICE OF REMOVAL. ................................ 1

THE COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT 28 U.S.C. § 1332(d)(2) through (d)(8). 3

THE EXCEPTIONS TO FEDERAL JURISDICTION UNDER CAFA DO NOT APPLY TO THIS CASE ................................................................................................ 9

THIS COURT MAY NOT DECLINE ORIGINAL JURISDICTION OVER A CIVIL ACTION IN WHICH ORIGINAL JURISDICTION HAS BEEN ESTABLISHED PURSUANT TO § 1332 ............................................................................... 12

PLAINTIFFS ARE NOT ENTITLED TO ATTORNEYS' FEES ............................. 14

CONCLUSION ....................................................................................... 14

## **TABLE OF AUTHORITIES**

**Cases**

Blockbuster, Inc., ............................................................................................................. 6
Carden v. Arkoma Assoc, 494 U.S. 185, 195-96 (1990) ................................................... 6
Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56-57 (2d Cir. 2006) ............. 1, 3, 6, 8
D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983 ................................. 13
Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp. ................................................................................................................................ 3, 9
Handelsman v. Bedford Village Assocs. Ltd., 213 F.3d 48, 51-52 (2d Cir. 2000 6
Hart v. Rick's NY Cabaret International, Inc., 2014 U.S. Dist. LEXIS 10346 (S.D.N.Y. January 28, 2014) ........................................................... 10, 11, 12
Hooks v. American Medical Security Life Insurance Company, 3:06-CV-00071 2006 U.S. Dist. LEXIS 61887 (W.D.N.C. August 29, 2006) .......................... 2
Law Offices Of K.C. Okoli, P.C v. Bnb Bank, N.A., 481 Fed. Appx. 622; 2012 U.S. App. LEXIS 9384 at **4-5 (2d Cir. 2012 ............................................... 1
Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998) ................................. 11
LoCurto v. LoCurto, 71 Fed. R. Serv. 3d 1004, WL at *3 (S.D.N.Y. 2008) ........ 11
Mattera v. Clear Channel Commc'ns, Inc., 239 F.R.D. 70, 80 (S.D.N.Y. 2006) 10
Maxim Group, LLC v. Life Partners Holdings, Inc., 07 Civ. 8099 (LAP), 2010 U.S. Dist. LEXIS 405 at *2 (S.D.N.Y. January 5, 2010) ................................. 7
McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). .............................................................. 8
Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000 ..................... 11
Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013 ................. 6
Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) ......................................... 13
Smith 944 F. Supp. 2d at 249-250; 28 U.S.C. § 1332(d)(4). ............................. 10
Smith v. The Manhattan Club Timeshare Association, Inc., 944 F. Supp. 2d 244; 2013 U.S. Dist. LEXIS 67835 at **13-14 (S.D.N.Y. May 10, 2013.... 9, 10
Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013) (citing 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B)) .......................................... 6
UAW v. Gen. Motors Corp., 497 F. 3d 615, 631 (6th Cir. 2007 ....................... 13
United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994 .................. 8
Vargas v. Holden, No. 10 Civ. 8567 (JGK), 2011 U.S. Dist. LEXIS 12274, 2011 WL 446199, at *1 (S.D.N.Y. Feb. 8, 2011 ...................................................... 7
Vasalle v Midland Funding, LLC, 708 F. 3d 747 (6th Cir. 2013) ............... 13, 14
Weave Masters, Inc. v. Cambridge Fashion, Inc., No. 09 Civ. 1172, 2009 U.S. Dist. LEXIS 19769, 2009 WL 510834, *2 (S.D.N.Y. Feb. 26, 2009) ................ 6

**Statutes**

28 U.S.C. § 1332 ............................................................................................... passim
New York General Business Law § 349(h) ...................................................... 13

### **THE NOTICE OF REMOVAL AND THE COMPLAINT ARE SUFFICENT TO SHOW THAT THIS COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION.  ALTERNATIVELY, THE COURT SHOULD PERMIT MIDLAND TO FILE AN AMENDED OR SUPPLEMENTAL NOTICE OF REMOVAL**.

Midland filed a timely Notice of Removal based upon the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332. (Notice of Removal ¶ 7). As is discussed herein, this Court clearly has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 under the Class Action Fairness Act ("CAFA") 28 U.S.C. §§ 1332(d), 1453, 1711-1715. While Plaintiffs point to the fact that Midland did not cite to the Class Action Fairness Act ("CAFA") portion of § 1332 in the Notice of Removal, it is clear, as is discussed below, that this Court has original jurisdiction under CAFA at 28 U.S.C. § 1332(d)(2) through (d)(8).

"Jurisdictional facts 'such as the amount in controversy' are evaluated on the basis of the pleadings "viewed at the time when [the] defendant files the Notice of Removal ." Law Offices Of K.C. Okoli, P.C v. Bnb Bank, N.A., 481 Fed. Appx. 622; 2012 U.S. App. LEXIS 9384 at **4-5 (2d Cir. 2012) citing Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56-57 (2d Cir. 2006).  Based upon the complaint at the time that it was filed, there is no doubt as to the removability of this action under CAFA.  It would be prejudicial to Midland if the Court were to grant Plaintiffs' request and refuse to acknowledge its original jurisdiction under CAFA or otherwise deny Midland the opportunity to amend or supplement its Notice of Removal in order to cite specifically to the CAFA portion of § 1332.  Any required amendment would be swift, as no

1

further information is needed than what is contained in Plaintiff's Complaint, Midland's Notice of Removal , and these motion papers.

The alleged defect in the Notice of Removal to which Plaintiffs point is a technical defect, rather than a substantive one, and does not serve as a basis for remand. This precise issue was addressed in <u>Hooks v. American Medical Security Life Insurance Company</u>, 3:06-CV-00071 2006 U.S. Dist. LEXIS 61887 (W.D.N.C. August 29, 2006), and is instructive here. In <u>Hooks</u>, the court found:

> "The Notice of Removal filed by the Defendants cited *28 U.S.C. § 1332* as the basis of jurisdiction for this court, but did not cite CAFA or specific facts supporting jurisdiction based on CAFA. However, given the clear intent of Congress to make it easier for class actions to be removed to federal court, the court will allow the Defendants to amend their Notice of Removal to specifically cite CAFA as the basis for federal jurisdiction. Even though the Notice of Removal failed to specifically cite CAFA, Plaintiffs had adequate notice under *§ 1332* that CAFA would potentially apply to this case because the Plaintiffs filed this case in state court as a class action. Because CAFA is included as a subsection of *28 U.S.C. § 1332*, the court further finds that Defendants' failure to cite CAFA or specific facts under CAFA to be a technical defect rather than a substantive defect. Thus, even though the 30 day deadline has passed, the Defendants will have an opportunity to amend the defective Notice of Removal to properly cite CAFA as a grounds for removal, along with the necessary facts supporting jurisdiction under CAFA."

The same result in <u>Hooks</u> should be reached here. Not only did the Plaintiffs have adequate notice that CAFA may apply to the case by filing the class action in state court, but the fact that CAFA applies is largely undisputed by the parties. Plaintiffs argue mostly that exceptions to CAFA apply, which Plaintiffs cannot meet their burden to prove.

## THE COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT 28 U.S.C. § 1332(d)(2) through (d)(8).

Under CAFA, the removing defendant bears the burden of establishing the existence of federal jurisdiction." Blockbuster, Inc. 472 F.3d at 57 (2d Cir. 2006).  "However, once the general requirements of CAFA jurisdiction are established, plaintiffs have the burden of demonstrating that remand is warranted on the basis of one of the enumerated exceptions." Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp., 603 F.3d 23, 26 (2d Cir. 2010).

CAFA at 28 U.S.C. § 1332(d)(2) through (d)(8) provides in pertinent part as follows:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A)   any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B)   any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C)   any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.
>
> (3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—

(A)   whether the claims asserted involve matters of national or interstate interest;

(B)   whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C)   whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D)   whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E)   whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F)   whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(4) A district court shall decline to exercise jurisdiction under paragraph (2)—

(A) (i) over a class action in which--
(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

4

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

(5) Paragraphs (2) through (4) shall not apply to any class action in which—

(A) the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or

(B) the number of members of all proposed plaintiff classes in the aggregate is less than 100.

(6) In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs.

(7) Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction.

(8) This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action.

Therefore, "CAFA provides the federal district courts with original jurisdiction to hear a class action if [1] the class has more than 100 members,

[2] the parties are minimally diverse, and [3] the matter in controversy exceeds the sum or value of $5,000,000." Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013) (citing 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B)); Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013). Minimal diversity exists "where at least one plaintiff and one defendant are citizens of different states."  Blockbuster, Inc., 472 F.3d at 56 (citation omitted).

It is undisputed that this case meets these three requirements.  Plaintiff's memorandum in support of its motion for remand explicitly states that the size of the class will exceed 100 members.  (Plaintiff's Mem. p. 10).  Further, the allegations in the complaint allege that the putative class members number in the thousands.  (Compl. See e.g. ¶¶ 25, 33, 71-72, 82-88).

Second, more than minimal diversity exists between the parties because Midland is not a citizen of New York.  For the purposes of diversity jurisdiction, a limited liability company's ("LLC") citizenship is determined not by the LLC's place of incorporation or principal place of business, but by the citizenship of each member of the LLC. See Carden v. Arkoma Assoc, 494 U.S. 185, 195-96 (1990) ("[T]he citizenship of an artificial entity . . . depends on the citizenship of all the members, the several persons composing such association, [or] each of its members.") (citation omitted); Handelsman v. Bedford Village Assocs. Ltd., 213 F.3d 48, 51-52 (2d Cir. 2000) (same); see also Weave Masters, Inc. v. Cambridge Fashion, Inc., No. 09 Civ. 1172, 2009 U.S. Dist. LEXIS 19769, 2009 WL 510834, *2 (S.D.N.Y. Feb. 26, 2009) ("Unlike a corporation, the citizenship

of a limited liability company is not the state of its incorporation or its principal place of business. Rather, the LLC shares the citizenship of all of its constituent corporate members.")  Federal jurisdiction premised upon diversity of citizenship must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company.  See Maxim Group, LLC v. Life Partners Holdings, Inc., 07 Civ. 8099 (LAP), 2010 U.S. Dist. LEXIS 405 at *2 (S.D.N.Y. January 5, 2010). Therefore, the fact that Midland conducts business in New York through the means of interstate commerce is not determinative on the question of citizenship for purposes of diversity jurisdiction.  See Vargas v. Holden, No. 10 Civ. 8567 (JGK), 2011 U.S. Dist. LEXIS 12274, 2011 WL 446199, at *1 (S.D.N.Y. Feb. 8, 2011) (finding that "[w]hether a corporation has offices or does business in any given state is not controlling" for determining the citizenship of a corporation for the  purposes of diversity jurisdiction).  It is the citizenship of the members of the liability company that is determinative on the issue of diversity.

Although Plaintiffs have named "Midland Funding, LLC and Midland Funding, LLC DBA in New York as Midland Funding of Delaware, LLC," these entities are one and the same. (See Aff., paragraph 1)  The correct name of the entity in this action is Midland Funding, LLC only.  Id.

7

Midland Funding, LLC is domiciled California, and not New York. Midland Funding, LLC is a limited liability company duly existing under and by virtue of the laws of the State of Delaware with a principal place of business located at 8875 Aero Drive, Suite 200, San Diego, CA 92123. (See Aff., paragraph 2); Notice of Removal ¶ 8). Therefore, Midland is not a citizen of New York. Plaintiffs concede that they have no information at this time to deny that minimal diversity exists. (Plaintiff's Mem. p. 10).

Third, Plaintiffs concede that the aggregate amount in controversy in this case exceeds $5,000,000, (Plaintiff's Mem. pp. 10-11). To satisfy CAFA's amount-in-controversy requirement, a removing defendant "must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." Blockbuster, 472 F.3d at 58. When the complaint fails to allege a specific damages amount, and facts relating to the jurisdictional amount are challenged by the plaintiff, the defendant must establish the requisite amount in controversy "with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994) (alteration in original) (quoting McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). In this case, Midland need not submit such proof as the amount in controversy is not challenged by Plaintiffs. (Plaintiff's Mem. pp. 10-11). Further, the fact that the allegations exceed $5,000,000 is evident from the Complaint. (Compl. ¶¶ 25, 33, 71, 72, 82).

8

Due to Plaintiff's allegations of willful and knowing violations of New York General Business Law § 349(h) with respect to hundreds of thousands of individuals in each year of a three year period, the aggregate amount of claims in this purported class action exceeds $5,000,000.

Therefore, because the purported class contains at least 100 members, minimal diversity exists between the parties, and the aggregate amount in controversy exceeds $5,000,000, Midland has established the existence of subject matter jurisdiction pursuant to CAFA.  Smith v. The Manhattan Club Timeshare Association, Inc., 944 F. Supp. 2d 244; 2013 U.S. Dist. LEXIS 67835 at **13-14 (S.D.N.Y. May 10, 2013).  Accordingly, the burden shifts to Plaintiffs to prove that remand is warranted on the basis of one of the enumerated exceptions under CAFA.  Id. (citing Greenwich, 603 F.3d at 26).  For the reasons below, Plaintiffs cannot meet this burden.

## THE EXCEPTIONS TO FEDERAL JURISDICTION UNDER CAFA DO NOT APPLY TO THIS CASE

Plaintiffs' arguments with respect to the CAFA exceptions fail to include a critical fact which renders the exceptions inapplicable: that Midland is not a New York citizen.  Because Midland is not a New York citizen, the exceptions upon which Plaintiffs rely do not apply, and Plaintiffs cannot meet their burden to defeat federal jurisdiction.

9

There are two exceptions to the federal jurisdiction conferred by CAFA at issue here. 28 U.S.C. § 1332(d)(3)-(4). Under the mandatory "home state exception," a district court must decline to exercise jurisdiction over a class action in which two-thirds or more of the putative class members, and the primary defendants, are citizens of the state in which the action was originally filed. Smith 944 F. Supp. 2d at 249-250; 28 U.S.C. § 1332(d)(4). Under the "discretionary exception," a district court "may, in the interests of justice and looking at the totality of the circumstances," decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the putative class members, and the primary defendants, are citizens of the state in which the action was originally filed, based upon consideration of the enumerated factors. Smith 944 F. Supp. 2d at 249-250; 28 U.S.C. § 1332(d)(3). Regardless of the percentage of putative class members that are New York state citizens, Midland is not a New York citizen. Therefore, neither the mandatory "home state exception," nor the "discretionary exception" applies in this case, and the Plaintiffs cannot defeat federal jurisdiction under CAFA.

While the Second Circuit has not resolved the level of proof required to establish an exception to CAFA jurisdiction, courts in this Circuit have applied a "preponderance of the evidence" standard as well as a "reasonable likelihood" standard. Hart v. Rick's NY Cabaret International, Inc., 2014 U.S. Dist. LEXIS 10346 (S.D.N.Y. January 28, 2014) (applying preponderance of the evidence standard); see Mattera v. Clear Channel Commc'ns, Inc., 239 F.R.D. 70, 80 (S.D.N.Y. 2006) (applying "reasonably likely" standard). Plaintiffs fail to meet

10

their burden under either standard in order to prove that Midland is not a New York citizen in order to establish an exception under CAFA. Plaintiffs concede in their motion that they "have no information" regarding whether Midland is a New York citizen. (See Plaintiff's Mem. p. 15). Further, although Plaintiffs argue that 100% of the Plaintiffs in this case are New York residents, Plaintiffs cannot show that the purported class members were New York citizens as of the date of filing their complaint. Id.

"Under CAFA, the citizenship of plaintiffs in a class action is to be determined 'as of the date of filing of the complaint or amended complaint.'" Hart at *20 citing 28 U.S.C. § 1332(d)(7). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000), which in turn is defined as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning," Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998). See also LoCurto v. LoCurto, 71 Fed. R. Serv. 3d 1004, WL at *3 (S.D.N.Y. 2008) ("In general, domicile has two components: (1) physical presence in a state, and (2) the intent to make the state a home."). "At any given time, a person has but one domicile." Palazzo, 232 F.3d at 42.

Plaintiffs cannot submit any sufficient proof that at the time of the filing of their complaint on or about November 27, 2013, the putative class members were New York domiciliaries, with a physical presence in New York and the intent to make New York their home. Plaintiffs have no proof, or at most,

11

insufficient or unreliable proof of the citizenship of the purported class members other than that they were at one time sued by Midland in a New York court sometime between November 27, 2010 to November 27, 2013 for alleged non-payment of their debt(s). This falls far short of a showing of citizenship for putative class members at the time of the filing of the complaint in November 2013. See Hart at *27 (finding that the party seeking remand had insufficient proof to establish by a preponderance of the evidence that more than two thirds of the plaintiff class were New York citizens on the dates when the complaint was filed).

Therefore, for the foregoing reasons, Midland has met its burden to show that there is federal jurisdiction under CAFA, and Plaintiff cannot meet their burden to show that an exception to CAFA jurisdiction applies.

### **THIS COURT MAY NOT DECLINE ORIGINAL JURISDICTION OVER A CIVIL ACTION IN WHICH ORIGINAL JURISDICTION HAS BEEN ESTABLISHED PURSUANT TO § 1332**

When a party establishes original federal jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), a court may not then decline to exercise such original jurisdiction to deprive a party to proceed in federal court. Section 1332(d)(2) mandates that "district courts shall have original jurisdiction over civil actions" which meet the requirements enumerated in the statute. As discussed above, this court has original jurisdiction over this action pursuant to CAFA.

Midland fully agrees with Plaintiffs' argument that this Court lacks the ability, pursuant to the Rooker-Feldman doctrine, to vacate thousands of state

12

court judgments throughout New York state. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). However, the fact that this Court would lack the ability to award the outrageous relief that Plaintiffs seek in this regard serves as no basis for declining subject matter jurisdiction over this action. (See Plaintiff's Mem. pp. 6-9). Plaintiffs cite no authority for the bold position that a district court may decline original jurisdiction over a civil action in which original jurisdiction pursuant to § 1332(d)(2) is established.

    The 6th Circuit's decision in Vasalle v Midland Funding, LLC, 708 F. 3d 747 (6th Cir. 2013), to which Plaintiffs cite, provides no authority at all for Plaintiff's contention that a Court may decline original jurisdiction under § 1332 pursuant to the Rooker-Feldman doctrine. In Vasalle, the Sixth Circuit reversed the Northern District of Ohio's order approving the class settlement. Vasalle at 760. Although the Sixth circuit found that the district court did not abuse its discretion in finding that all seven factors of UAW v. Gen. Motors Corp., 497 F. 3d 615, 631 (6th Cir. 2007), used to determine the fairness of a class settlement, were met, the Sixth Circuit rejected the class settlement nonetheless finding a disparity between the relief awarded to the named plaintiffs versus that of the unnamed class members. Vasalle at 755. The court found that the named plaintiffs received two benefits that the class members did not receive, namely the "exoneration of debts owed to Midland" and an $8,000 incentive payment to be split amongst the four of them. Id. at 755-756. The court found that the interests of the named plaintiffs were

13

antagonistic to those of the class members since enforcing the class settlement would allow the named plaintiffs' debts to be forgiven, while the unnamed class members would be prevented from contesting their debts in court. Id. at 757. The court found that the "adequate representation" component to a class action was not met and that rejecting the class settlement would have allowed the unnamed members to be able to contest their debts since the district court could not vacate the judgments itself under the Rooker-Feldman doctrine. Id. Therefore, although Vasalle cites to the well-settled rule that a district court may not engage in appellate review of state-court determinations, it does not provide any authority for the argument that a district court may decline original jurisdiction under 28 U.S.C. § 1332.

### **PLAINTIFFS ARE NOT ENTITLED TO ATTORNEYS' FEES**

Plaintiffs should not be awarded attorneys fees pursuant to 28 U.S.C. 1447 arising out of the motion for remand since Midland's removal was proper, as this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### **CONCLUSION**

For the foregoing reasons, Midland respectfully requests that this Court deny Plaintiffs' motion for remand and retain original jurisdiction of this action. To the extent that this Court requires an Amended Notice of Removal, Midland

14

requests that it be permitted to so amend, in which case Midland will make such filing expeditiously in order to proceed in this matter before this Court.

Dated:  New York, New York
        March 11, 2014

                                 Yours, etc.,

                                 Marshall, Dennehey, Warner,
                                 Coleman & Goggin

                                 By:_____/s/_____
                                     R. David Lane Jr. (RL 2806)
                                     Attorneys for Defendant
                                     *MIDLAND FUNDING, LLC*
                                   Wall Street Plaza
                                   88 Pine Street, 21st Floor
                                   New York, New York  10005
                                   (212) 376-6400
                                   Rdlane@mdwcg.com

TO:  Alan Finkel, Esq.
      Bianco, Byrnes & Finkel, LLP
      Attorneys for Plaintiffs
      5036 Jericho Turnpike, Suite 208
      Commack, New York
      (631) 462-4911
      AFINKEL@SCLF.COM