***ROBERT L. ARLEO, ESQ.***
380 Lexington Avenue
17th Floor
New York, N.Y.  10168

Telephone: (212) 551-1115                                                                                    Fax: (518) 751-1801
Email: r.arleo@verizon.net

February 9, 2015

Honorable Joan Azrack
U.S. District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

       Re:  Pierre and Vazquez et al. v. Rubin & Rothman, LLC et al
         14-cv-00018

Dear District Judge Azrack:

 I am counsel for the Defendant Rubin & Rothman, LLC. I request that Your Honor set a pre-motion conference as my client wishes to move for summary judgment.

 My client is named as a Defendant in the above-entitled action based upon two lawsuits it commenced against two of the complaining Plaintiffs, Christopher Pierre and Doreen Vazquez ("each Plaintiff"). Midland Funding, LLC ("MF") is the Plaintiff in these lawsuits. MF had purchased debts owed by each Plaintiff to Chase Bank. Each lawsuit was commenced in Suffolk County District Court, Fourth District at Hauppauge ("SCDCFDH"). The Plaintiffs allege that my client violated New York General Business Law § 349, New York Judiciary Law § 487 and the relevant New York unjust enrichment law based upon filing the lawsuits with (allegedly) factually unsupported attestations and no evidence. (Dkt. No. 45, p. 19, paragraph 66). The collective Plaintiffs all allege similar claims against all other named Defendants.

 There are three (3) "Midland" Defendants named herein. The various Plaintiffs allege that the Midland Defendants violated the Fair Debt Collection Practices Act ("FDCPA") in conjunction with the lawsuits filed by my client and the other law firm Defendants. Thus, the Plaintiffs allege that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1337 and 15 U.S.C. § 1692k(d) in conjunction with the FDCPA claims. The claims alleged against the law firm Defendants are based solely upon the power of this court to exercise supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

 Personal service was effected upon each Plaintiff at their respective home address in regard to each SCDCFDH lawsuit. Each Plaintiff failed to appear and default judgments were entered. As Your Honor is likely well aware the doctrine of "res judicata" bars subsequent lawsuits by parties to a prior concluded action. In New York all other claims arising out of the same

transaction, or series of transactions, are forever barred, even if based upon different theories or seeking a different remedy. *O'Brien v. Syracuse*, 54 N.Y.2d 353 (Ct. App. 1981). This doctrine is applicable to a judgment taken by default as well as to issues which were or could have been raised in the prior proceeding. *Eagle Ins. Co. v. Facey*, 272 A.D.2d 399 (N.Y. App. Div. 2nd Dept. 2000). The New York State Court of Appeals recognized that res judicata is "…..so necessary to conserve judicial resources by discouraging redundant litigation." *Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 484 (Ct. App. 1979).

    The FDCPA claims against the Midland Defendants are all based upon factual allegations concerning the filing of the various lawsuits filed by the law firm Defendants. (Dkt. No. 45, pages 33-34, paragraphs 96 through 103). As the FDCPA claims arise from Chase Bank credit card transactions my client sought from each Plaintiff these FDCPA claims should have been alleged as counterclaims by each Plaintiff in the respective SCDCFDH lawsuits. The FDCPA expressly states that an action for violation thereof may be brought in any appropriate United States District Court "……*or in any court of competent jurisdiction* (italics added)". 15 U.S.C. § 1692k(d). Thus, there can be no claim that res judicata does not apply based upon the fact that the SCDCFDH could not have awarded FDCPA relief. *Saunders v. NYC Dep't of Educ.*, 2010 U.S. Dist. LEXIS 71500 (E.D.N.Y.)(refusing to apply res judicata when prior court could not award specific relief).

    Transactional res judicata in New York applies to parties to an action and those who are in privity with a party. *Landau, P.C. v. LaRossa, Mitchell & Ross*, 11 N.Y.3d 8, 13 (Ct. App. 2008). All of the Midland Defendants share privity in regard to the lawsuits filed against each Plaintiff.

    The monetary jurisdiction of the SCDCFDH is $15,000.00. Maximum FDCPA statutory damages for each Plaintiff is $1,000.00. Upon information and belief neither Plaintiff lost any out of pocket money from either lawsuit. Thus, there can be no claim for actual damages due to any unjust enrichment. In regard to emotional distress claims current FDCPA case precedent, and law regarding actual damages available to persons already in financial distress, would have limited each Plaintiff's emotional distress related actual damages to less than $500.00 even if they were successful. § 349 claims are limited to the greater of $50.00 or actual damages. Even if each Plaintiff could recover actual damages under both the FDCPA and § 349 neither Plaintiff would be able to approach the $15,000.00 monetary threshold of the SCDCFDH.

    The United States Court of Appeals for the Second Circuit has recognized New York's "transactional approach" to res judicata. *Johns v. Rampe*, 333 Fed. Appx. 644 (2d Cir. 2009)(affirming district court ruling precluding plaintiff's claim) *citing Bray v. New York Life Ins.*, 851 F.2d 60, 62 (2d Cir. 1988)(finding that the "established rule" is that "federal courts….give preclusion effect to state court judgments whenever the courts of the state would do so.").

    As the only federal jurisdiction for the herein action is based upon the FDCPA claims against the Midland Defendants dismissal of that claim, pursuant to New York's transactional res judicata, should also result in dismissal of the New York state claims alleged pursuant to

supplemental jurisdiction. Although my client recognizes that a federal court may retain supplemental jurisdiction over state claims same should not occur in this case.

 Pendent jurisdiction is a doctrine of discretion for a district court. *Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1054 (2d Cir 1990). The doctrine is designed to allow courts to deal with cases involving pendent jurisdiction so as to most sensibly accommodate numerous concerns and values. Those concerns include the values of judicial economy, convenience, fairness, and comity *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Further, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors…… will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*, at n. 7.

 In deciding whether to exercise supplemental jurisdiction a federal district court must consider the activity which has occurred in a specific case and the time period within which a case has been pending. If a case has been litigating for years and is ready for trial, and federal claims are suddenly dismissed, of course it would be prudent for a district court to retain supplemental jurisdiction over remaining state court claims. *Kroshnyl v. U.S. Pack Courier Servs.*, 771 F.3d 93, 102 (2d Cir. 2014)(affirming district court decision to retain supplemental jurisdiction over state law claims after dismissal of federal claims when case was pending for six years, all discovery was complete, dispositive motions were submitted and the case would soon be ready for trial).

 Cases at an early stage of litigation justify declining supplemental jurisdiction. *Valencia ex rel. Franco v. Lee*, 316 F.3d 299 (2d Cir. 2003)(finding that a district court abused its discretion by exercising supplemental jurisdiction as no substantial motions had been filed and no judicial opinions had been issued before supplemental jurisdiction was exercised); *Baggett v. Piedemonte*, 2013 U.S. Dist. LEXIS 16552 (N.D.N.Y.)(declining to exercise supplemental jurisdiction over state law claims as not in the interest of judicial economy or convenience. The case was less than a year old, no discovery was performed and the vast majority of motion practice consisted of requests for extensions of time.) See also *Phillips v. City of New York,* 2015 U.S. App. LEXIS 284 n.7 (2d Cir.); *Pension Benefit Guar. Corp. v. Morgan Stanley, Inc. Mgmt.*, 712 F.3d 705, 726-727 (2d Cir. 2013).

 The brevity of the activity in the herein action justifies denial of supplemental jurisdiction. The Plaintiffs filed their Second Amended Complaint on August 19, 2014. The Defendants all filed their Answers on various dates in September 2014. On December 11, 2014 Magistrate Judge Lindsey entered a Scheduling Order (Dkt. No. 53). Since that time some of the parties have served discovery demands and notices of depositions. However, no party has submitted any discovery responses nor have any depositions occurred.

 Based upon all of the foregoing Your Honor should dismiss the FDCPA claims and decline to exercise supplemental jurisdiction over the claims alleged pursuant to New York laws.

4

                                        Sincerely,

                                        / s / *Robert L. Arleo*

                                        Robert L. Arleo

RLA:gra
cc: All counsels of record via ECF