UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID AGOADO, LEEANN
MCNALLY, CRAIG MOORE, CHRIS
PIERRE, THOMAS SHARKEY,
MADGE SHIPMAN AND DOREEN
VAZQUEZ, individually and on behalf
of all others similarly situated,

                      Plaintiffs,                  **ORDER**
                                              CV 14-18 (JMA)(ARL)

       -against-

MIDLAND FUNDING, LLC and
MIDLAND FUNDING, LLC DBA IN
NEW YORK AS MIDLAND FUNDING
OF DELAWARE, LLC,

                      Defendants.
------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the parties' motion for a stipulated protective order. Doc. No. 58. For the reasons set forth below, the parties' motion is granted, except as to paragraph 6 of the Stipulated Protective Order.

      Paragraph 6 of the Stipulated Protective Order states in pertinent part:

> **Filing Under Seal** . . .If any party seeks to file . . . any portion of any Protected Document or information taken from a Protected Document, such materials shall be submitted to the Court under seal in accordance with FRCP 5.2. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container. Furthermore, the copy of the title page of the Action attached to the envelope or container . . . .

Stipulated Protective Order, ¶ 6. Although the parties are subject to the provisions of Rule 5.2, if either party wants to designate anything filed with, or presented to the Court as confidential and place it under seal whether during motion practice or at trial, that party must make a separate motion in accordance with the instructions on filing a motion for leave to e-file a sealed document in this district (which are located at www.nyed.uscourts.gov), specifying precisely what the parties wish to be kept under seal and making a particularized showing of good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978); *United States v. Graham*, 257 F.3d 143, 150 (2d Cir. 2001). Upon a showing of compelling circumstances, this Court may order certain records to be sealed based on the undersigned's document-by-document

review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). The parties' agreement in paragraphs 6 to file protected documents under seal, without more, is not a sufficient basis for granting such an order. *See United States v. Aref*, 533 F.3d 72, 81-83 (2d Cir. 2008) ("district courts [should] avoid sealing judicial documents in their entirety unless necessary [since t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence").

The parties are directed to amend paragraphs 6 consistent with this order.

Dated: Central Islip, New York
April 6, 2015

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge

2