# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID AGOADO, LEEANN MCNALLY, CRAIG MOORE, CHRIS PIERRE, THOMAS SHARKEY, MADGE SHIPMAN, and DOREEN VAZQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND FUNDING, LLC, MIDLAND FUNDING, LLC DBA IN NEW YORK AS MIDLANDFUNDING OF DELAWARE, LLC, and MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendants. | Index No. 14-cv-00018-LDW-ARL |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE MIDLAND DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs David Agoado, LeeAnn McNally, Craig Moore, Chris Pierre, Thomas Sharkey, Madge Shipman, and Doreen Vazquez, hereby request that defendants Midland Funding, LLC, Midland Funding, LLC DBA in New York as Midland Funding of Delaware, LLC ("Midland of Delaware"), and Midland Credit Management, Inc. ("MCM") (together, the "Midland Defendants") produce the following documents and things at the offices of Frank & Bianco LLP, 275 Madison Avenue, Suite 705, New York, New York 10016, in accordance with the following definitions and instructions, within thirty (30) days of service hereof.

## I. DEFINITIONS

The definitions and rules of construction of Local Civil Rules of the United States District Court for the Eastern District of New York Rule 26.3 are hereby incorporated by reference.

1. "Acquired" means purchased, assigned, or obtained in any way.

2. "Attorney Defendants" means Defendants Cohen & Slamowitz, LLP, Forster & Garbus LLP, Pressler & Pressler LLP, and/or Rubin & Rothman, LLC and their present and former attorneys, officers, directors, managers, members, employees, agents, accountants, advisors, parents, subsidiaries, affiliates, representatives, and any other person acting or purporting to act on their behalf.

3. "Card" shall mean a debit or credit card.

4. "Card Number" shall mean the account number that appears on the front of a Card.

5. "Cardholder" shall mean an authorized user of a Card.

6. "Creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, not including any person who receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another [as defined by 15 U.S.C. §1692a(4)].

7. "Complaint" means Plaintiffs' Second Amended Class Action Complaint, filed August 19, 2014, as Docket Entry 45.

8. "Communication" means, without limitation, the imparting or exchange of information, thoughts or opinions by any means including orally, in writing, by signs, signals or

code, including oral, written or electronic communications, such as face-to-face meetings, electronic communications, emails, facsimiles, telephone communications, correspondence or other exchange of written or recorded information.

9. "Consumer" means any natural person obligated or allegedly obligated to pay any debt, as defined by 15 U.S.C. §1692a(3).

10. "Consumer Debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as defined by 15 U.S.C. §1692a(5).

11. "Document" or "documents" means every original, and every copy of any original or copy which differs in any way from any original, of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatsoever, including without limitation, letters facsimile transmissions, books, records, reports, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, tabulations, bulletins, press releases, computer programs, data contained in computers, computer disks or diskettes, data sheets, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, studies, instruments, assignments, applications, offers, acceptances,

proposals, financing statements, documents of title, forecasts or appraisals, purchase orders, invoices, orders or acknowledgments, bills of lading, written memoranda of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records, maps, plays, surveys, drawings, sketches, graphs, charts, plans, state and federal governmental hearings and reports, laboratory or engineering reports, correspondence, communications, electronic mail, voicemail, telegrams, telexes, cables, memoranda, notes, notebooks, worksheets, reports, lists, note charts, summaries or records of telephone conversations, summaries or records of personal conversations, interviews, records or minutes of meetings or negotiations, opinions or reports of consultants, accounting of any kind, work papers and transcripts, and generally should be given the broadest possible meaning under the Federal Rules of Civil Procedure.

12. "Midland Defendants" means Midland Funding, LLC, Midland Funding, LLC DBA in New York as Midland Funding of Delaware, LLC ("Midland of Delaware"), and Midland Credit Management, Inc. ("MCM"), and their present and former attorneys, officers, directors, managers, members, employees, agents, accountants, advisors, parents, subsidiaries, affiliates, representatives, and any other person acting or purporting to act on their behalf.

13. "Person" or "persons" shall mean, without limitation, every natural person, corporate entity, partnership, sole proprietorship, limited liability company, joint venture, association, trust or any other business, social, political or governmental organization, entity or arrangement of whatever nature, whether real, juridical, incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons," or otherwise encompassed within this definition.

14. "Relate," "related," "relating to," "refer," "referring to," "regarding," "with respect to" or "concerning" mean without limitation the following concepts: concerning, constituting, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part, directly or indirectly. Documents are considered relating to the subject matter whether they are viewed alone or in combination with other documents.

15. "You" and "Your" means the Midland Defendants as defined above.

## II. INSTRUCTIONS

1. You shall produce all of the requested Documents that are in Your possession, custody, or control, including (by way of illustration only and not limited to) Documents in the possession, custody, or control of Your affiliates, divisions, subdivisions or subsidiaries, and Your present or former attorneys, accountants, directors, officers, partners, employees, and other representatives and agents, as well as Your present or former independent contractors over which or whom You have had control, and any other Persons acting on Your behalf.

2. All Documents shall be produced in the order they are kept in the ordinary course of business, or organized and labeled to correspond to the categories in the Request.

3. If You object to the production of any Document, You must set forth the legal basis and the grounds for such objection, a description of the Document You are not producing pursuant to the objection with sufficient particularity so that a court could rule on the objection.

4. In the event that You claim that a Document is privileged, you must set forth in your response: (1) the exact privilege claimed; (2) the factual basis for the claimed privilege; (3)

a sufficient description of each Document to enable a court to adequately rule on the objection, including:

    a. The name, employer, and business address of the person who prepared and authored the Document;

    b. The name, employer, and business address of all recipients of the Document;

    c. The name, employer, and business address of all Persons in possession of the original or any duplicate of the Document; and

    d. The date(s) the Document was prepared.

5. In conjunction with any claimed privilege, You shall also proffer a privilege log to Plaintiffs, pursuant to Rule 26(b)(5). You shall produce privilege logs on a rolling basis and shall not delay the production of non-privileged Documents because of the preparation of a privilege log. A privilege log for Documents redacted on privilege or attorney work product grounds shall, however, generally be produced within ten (10) days of production of the redacted materials. Privilege logs shall be produced in both .PDF and Excel Spreadsheet format, and shall contain, at least, the following information for each Document withheld or redacted on the grounds of privilege or as asserted attorney work product: Bates Range, Date, Applicable Privilege, Subject, and Names associated with the Document (with Author, Recipient, Carbon Copy Recipient, and Blind Carbon Copy Recipient, if apparent from the Document).

6. Notwithstanding the assertion of an objection, any purportedly privileged or otherwise protected Document containing non-privileged or otherwise unprotected information shall be produced, with the purportedly privileged or otherwise protected portion excised (and clearly marked to so indicate).

7. If a Document responsive to these requests was at any time in the Midland Defendants' possession, custody, or control but now is no longer available for production, as to each such Document state the following information:

    a. Whether the Document is missing or lost;

    b. Whether the Document has been destroyed;

    c. Whether the Document has been transferred or delivered to another person or entity and, if so, at whose request and to whom was it transferred;

    d. Whether the Document has been otherwise disposed of; and

    e. A precise statement of the circumstances surrounding the disposition of the Document and the date of its disposition.

8. Each request to produce Documents included herein encompasses every Document known to you which can be located, discovered or obtained by reasonably diligent efforts, including, without limitation, all Documents possessed by you, your representative or agent, your counsel, your accountant(s), and/or any other person or entity from whom you can obtain such Documents by request or from whom you have a legal right to obtain possession of such Documents by demand.

9. The use of any singular word includes both the singular and the plural of that word, and vice versa.

10. "And" and "or" are to be considered both conjunctively and disjunctively. "Or" is understood to include and encompass "and."

11. "Any" is understood to include and encompass "all." The word "all" also includes "each," and vice versa.

12. The past tense shall include the present tense where the clear meaning is not distorted.

13. Definitions given to terms in the Complaint also apply to those terms when used in these Requests.

14. These Requests shall be deemed continuing so as to require the production of any additional responsive Documents that You may become aware of between the time of Your initial responses and the time of trial.

### III. RELEVANT TIME PERIOD

Unless otherwise specified herein, You shall produce Documents, dated, prepared or obtained during the time period of May 1, 2007 through the present day, or which refer or relate to all or any portion of that period, whenever prepared (the "Relevant Time Period").

### IV. REQUESTS FOR PRODUCTION

Plaintiffs hereby request that the Midland Defendants produce the items specified in the following Requests for Production.

**Document Request No. 1**: Any and all Documents that refer or relate to Consumer Debt Acquired by You during the Relevant Time Period that was referred to the Attorney Defendants for collection.

**Document Request No. 2**: Any and all Documents that refer or relate to a Consumer Debt Acquired by You from Household Financial Corporation, or prior or subsequent holders of the Consumer Debt, concerning a Card bearing a Card Number ending in 8468, and assigned MCM Number 8541860567, including but not limited to, the contract between the Cardholder and Household Financial Corporation, or prior or subsequent holders of the Consumer Debt; Documents related to the assignment of the Consumer Debt; transactions initiated at any time by

the Cardholder; monthly billing statements sent to the Cardholder; payments made at any time by the Cardholder that were applied to the outstanding balance on the Card; and Communications between the Cardholder and Household Financial Corporation, or prior or subsequent holders of the Consumer Debt.

**Document Request No. 3**:   Any and all Documents that refer or relate to a Consumer Debt Acquired by You from Beneficial, or prior or subsequent holders of the Consumer Debt, bearing a Card Number ending in 4552 and assigned MCM Number 8542655334, including but not limited to, the contract between the Cardholder and Beneficial, or prior or subsequent holders of the Consumer Debt; Documents related to the assignment of the Consumer Debt; transactions on the Card initiated at any time by the Cardholder; monthly billing statements sent to the Cardholder; payments made at any time by the Cardholder that were applied to the outstanding balance on the Card; and Communications between the Cardholder and Beneficial, or prior or subsequent holders of the Consumer Debt.

**Document Request No. 4**:   Any and all Documents that refer or relate to a Consumer Debt Acquired by You from GE Money Bank, or prior or subsequent holders of the Consumer Debt, concerning a Card bearing a Card Number ending in 1387 and assigned MCM Number 8535261151, including but not limited to, the contract between the Cardholder and GE Money Bank or prior or subsequent holders of the Consumer Debt; Documents related to the assignment of the Consumer Debt; transactions initiated at any time by the Cardholder; monthly billing statements sent to the Cardholder; payments made at any time by the Cardholder that were applied to the outstanding balance on the Card; and Communications between the Cardholder and GE Money Bank, or prior or subsequent holders of the Consumer Debt.

**Document Request No. 5**:   Any and all Documents that refer or relate to a Consumer

Debt Acquired by You from Chase Bank USA, N.A., or prior or subsequent holders of the Consumer Debt, concerning a Card bearing a Card Number ending in 7220 and assigned MCM Number 8536260468, including but not limited to the contract between the Cardholder and Chase Bank USA, N.A., or prior or subsequent holders of the Consumer Debt; Documents related to the assignment of the Consumer Debt; transactions initiated at any time by the Cardholder; monthly billing statements sent to the Cardholder; payments made at any time by the Cardholder that were applied to the outstanding balance on the Card; and Communications between the Cardholder and Chase Bank USA, N.A., or prior or subsequent holders of the Consumer Debt.

**Document Request No. 6**: Any and all Documents that refer or relate to a Consumer Debt Acquired by You from Bank of America, or prior or subsequent holders of the Consumer Debt, concerning a Card bearing a Card Number ending in 1898 and assigned MCM Number 8539329336, including but not limited to the contract between the Cardholder and Bank of America, or prior or subsequent holders of the Consumer Debt; Documents related to the assignment of the Consumer Debt; transactions initiated at any time by the Cardholder; monthly billing statements sent to the Cardholder; payments made at any time by the Cardholder that were applied to the outstanding balance on the Card; and Communications between the Cardholder and Bank of America, or prior or subsequent holders of the Consumer Debt.

**Document Request No. 7**: Any and all Documents that refer or relate to a Consumer Debt Acquired by You from Citibank (South Dakota) N.A., or prior or subsequent holders of the Consumer Debt, concerning a Card bearing a Card Number ending in 1079 and assigned MCM Number 8543336270, including but not limited to the contract between the Cardholder and Citibank (South Dakota), N.A., or prior or subsequent holders of the Consumer Debt; Documents

related to the assignment of the Consumer Debt; transactions initiated at any time by the Cardholder; monthly billing statements sent to the Cardholder; payments made at any time by the Cardholder that were applied to the outstanding balance on the Card; and Communications between the Cardholder and Citibank (South Dakota), N.A., or prior or subsequent holders of the Consumer Debt.

**Document Request No. 8**:   Any and all Documents that refer or relate to a Consumer Debt Acquired by You from Chase, or prior or subsequent holders of the Consumer Debt, concerning a Card bearing a Card Number ending in 3101, and assigned MCM Number 8536660785, including but not limited to the contract between the Cardholder and Chase, or prior or subsequent holders of the Consumer Debt; Documents related to the assignment of the Consumer Debt; transactions initiated at any time by the Cardholder; monthly billing statements sent to the Cardholder; payments made at any time by the Cardholder that were applied to the outstanding balance on the Card; Communications between the Cardholder and Chase, or prior or subsequent holders of the Consumer Debt.

**Document Request No. 9**:   Any and all Documents concerning any Plaintiff in this matter.

**Document Request No. 10**:   Any and all Documents that refer or relate to lawsuits for the collection of Consumer Debt filed in any court in the State of New York by Rubin & Rothman, LLC during the Relevant Time Period in which You were the Plaintiffs.

**Document Request No. 11**:   Any and all Documents that refer or relate to lawsuits for the collection of Consumer Debt filed in any court in the State of New York by Forster & Garbus LLP during the Relevant Time Period in which You were the Plaintiffs.

**Document Request No. 12**:   Any and all Documents that refer or relate to lawsuits for

the collection of Consumer Debt filed in any court in the State of New York by Cohen & Slamowitz, LLP during the Relevant Time Period in which You were the Plaintiffs.

**Document Request No. 13**: Any and all Documents that refer or relate to lawsuits for the collection of Consumer Debt filed in any court in the State of New York by Pressler & Pressler LLP during the Relevant Time Period in which You were the Plaintiffs.

**Document Request No. 14**: Any and all Communications sent by or between You and any other Person responsible for reviewing, maintaining, managing, organizing and/or distributing information concerning Consumer Debt Acquired by you during the Relevant Time Period.

**Document Request No. 15**: Any and all Communications sent by You to Consumers whose Consumer Debt you Acquired during the Relevant Time Period.

**Document Request No. 16**: Any and all Communications received by You from Consumers whose Consumer Debt You Acquired during the Relevant Time Period.

**Document Request No. 17**: Any and all Documents that refer or relate to any computer systems, programs, and/or software used by You to receive, review, maintain, manage, organize, or transmit information concerning lawsuits for the collection of Consumer Debt and/or potential debt collection claims against consumers whose Consumer Debt You Acquired.

**Document Request No. 18**: Any and all Documents, including but not limited to protocols, that refer or relate to the information reviewed, maintained, managed, organized, and/or distributed by You concerning lawsuits for the collection of Consumer Debt and/or potential debt collection claims against consumers whose Consumer Debt You Acquired.

**Document Request No. 19**: Any and all Documents received by You from Creditors from whom you Acquired Consumer Debt during the Relevant Time Period that support and/or

evidence the Consumer Debt Acquired.

**Document Request No. 20**: Any and all of Your organization charts or flow charts for the Relevant Time Period, including but not limited to organization charts and flow charts for:

    a. employees that review, maintain, manage, organize and/or distribute information concerning Consumer Debt Acquired by You and/or assigned to You during the Relevant Time Period; and

    b. employees that prepare, review, and/or sign documents, including but not limited to affidavits of fact, or any other affidavits, prepared in support of and/or submitted in relation to lawsuits for the Collection of Consumer Debt filed in any court in the State of New York during the Relevant Time Period in which You were the Plaintiffs;

**Document Request No. 21**: Any and all Documents sufficient to identify the names, addresses, and/or telephone numbers of individuals who have knowledge of the information received, reviewed, maintained, managed, organized, and/or distributed by You concerning Consumer Debt Acquired by you during the Relevant Time Period.

**Document Request No. 22**: Any and all financial statements, bills, or invoices exchanged between You and the Attorney Defendants regarding the collection of Consumer Debt.

**Document Request No. 23**: Any and all Documents that refer or relate to Your Document retention policies.

**Document Request No. 24**: Any and all Documents sufficient to show the manner in which Your records (relating to any Request herein) are maintained, including electronic database documents.

13

Dated: December 30, 2014

        Respectfully submitted,

        **FRANK & BIANCO LLP**

        /s/ Benjamin D. Bianco
        Benjamin D. Bianco (BB 5188)
        Marvin L. Frank (MF 1436)
        Bridget V. Hamill (BH 0207)
        275 Madison Avenue, Suite 705
        New York, New York 10016
        Tel: (212) 682-1853
        Fax: (212) 682-1892
        bbianco@frankandbianco.com
        mfrank@frankandbianco.com
        bhamill@frankandbianco.com

        **BIANCO, BYRNES & FINKEL, LLP**
        Alan Finkel
        5036 Jericho Turnpike, Suite 2018
        Commack, New York 11725
        Tel: (631) 462-4911
        Fax: (631) 462-4922
        afinkel@sclf.com

        *Attorneys for Plaintiffs*