# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW   WWW.MARSHALLDENNEHEY.COM

A PROFESSIONAL CORPORATION

Wall Street Plaza. 88 Pine Street, 21st Floor · New York, NY 10005
(212) 376-6400 · Fax (212) 376-6490

Direct Dial: 212-376-6433
Email: mbjohnson@mdwcg.com

PENNSYLVANIA
Allentown
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

OHIO
Cincinnati
Cleveland

FLORIDA
Ft. Lauderdale
Jacksonville
Orlando
Tampa

NEW YORK
Long Island
New York City
Westchester

July 21, 2015

Honorable Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

Re:   Italiano et al. v. Midland Funding, LLC et al., 14-cv-00018-JMA-ARL
      **Response to Plaintiff's Letter Motion**

Dear Judge Lindsay:

    My firm represents Midland Funding, LLC, Midland Funding, LLC DBA in New York as Midland Funding of Delaware, LLC and Midland Credit Management, Inc. ("Midland") in this matter. I write in response to Plaintiff's Letter Motion requesting an order compelling Midland to produce all documents reflecting or related to the sale of Plaintiffs' debts.

    To date, Midland has produced portions of its purchase agreements with the original creditors relating to the individual plaintiffs in connection with their debt obligations owed to Midland (the "Purchase Agreements"). Plaintiffs, however, contend that they require production of the complete Purchase Agreements, arguing the theory that "in order to obtain standing in a New York State court, a secondary debt buyer must submit an affidavit from a person with personal knowledge of the original creditor's business practices or procedures, as well as when, how, or by whom the credit card statements and account balance documents were made and kept by the original creditor." Docket No. 62, Page 2.

    In order to satisfy Plaintiffs' demands and facilitate resolution of this litigation, Midland has agreed not to oppose issuance of an order requiring the production of the Sales Documents related the portfolio transactions relating to the accounts owed by Plaintiffs to Midland provided that Midland be permitted to redact information relating to the price Midland paid to purchase the underlying accounts. This data is highly confidential and the protection of pricing information is of great value to both Midland and

the original creditors. Midland stands to lose competitive advantage should the prices it pays to purchase defaulted debts become known.

Further, the actual price Midland pays for defaulted debt is in no way relevant to whether Midland's affiants have "personal knowledge of the original creditor's business practices or procedures, as well as when, how, or by whom the credit card statements and account balance documents were made and kept by the original creditor." Id. Plaintiffs speculate, with no basis in fact, that Midland's affiants lack this knowledge to obtain standing. Production of the Sales Documents, with pricing information redacted, will enable Plaintiffs to investigate this "theory."

Although Midland disputes the claims in Plaintiffs' letter to the Court and Plaintiff's position regarding the merits of their claims against Midland, Midland restricts its comments here to those material to the issue at hand – production of the Sales Documents.

Therefore, Midland does not oppose issuance of an order compelling production of the Purchase Agreements relevant to the account(s) of each presently-named Plaintiff in the present litigation, provided that Midland is permitted to redact information concerning the purchase price of the defaulted debt obligations.

Midland notes that Plaintiffs' proposed order, requiring that Midland produce "all Documents that refer or relate to Consumer Debt Acquired by Midland during the Relevant Time Period [May 1, 2007 to the present] that was referred to the Attorney Defendants for collection" (Document 62-2), is overly broad and does not represent the proposed order that Midland agreed not to oppose. Midland contemplated producing only the Purchase Agreements associated with accounts owed by Plaintiffs to Midland.

Respectfully,

Matthew B. Johnson

cc: Counsel of record (via ECF)
encl: Proposed Order