UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID AGOADO, LEEANN MCNALLY,
CRAIG MOORE, CHRIS PIERRE, THOMAS
SHARKEY, and DOREEN VAZQUEZ,
individually and on behalf of all other similarly
situated,

                Plaintiffs,

      v.

MIDLAND FUNDING, LLC, *et al.*,

                Defendants.
------------------------------------------------------------X

**ORDER**
14-CV-18 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:** Plaintiffs David Agoado, Leeann McNally, Craig Moore, Chris Pierre, Thomas Sharkey, and Doreen Vazquez (collectively, "Plaintiffs") move to file a Fourth Amended Complaint ("FAC"). ECF No. 225. Defendants Midland Funding, LLC, Midland Funding, LLC d/b/a in New York as Midland Funding of Delaware, LLC, and Midland Credit Management (collectively, the "Midland Defendants") oppose the motion to amend and are joined by Defendant Forster & Garbus LLP. ECF Nos. 227, 228. Defendants Rubin & Rothman, LLC, Forster & Garbus LLP, and Cohen & Slamowitz, LLP, further move for sanctions against Plaintiffs and Plaintiffs' counsel based on the contention Plaintiffs filed an improper and unauthorized Third Amended Complaint. ECF Nos. 231, 232, 233. The parties now object to the Report & Recommendation ("R&R"), ECF No. 246, prepared by the Honorable Magistrate Judge Kathleen Tomlinson recommending Plaintiffs be granted leave file the FAC and granting the motion for sanctions against Plaintiffs.

## BACKGROUND

The R&R succinctly sets forth the facts of this case and therefore the Court will not engage in a lengthy recitation. The following is a summary of the procedural posture of the case.

Generally, Plaintiffs allege Rubin & Rothman, LLC, Forster & Garbus LLP, Cohen & Slamowitz, LLP, Selip & Stulianou, and Pressler and Pressler LLP ("Law Firm Defendants") and Midland Defendants (collectively, "Defendants") engaged in a pattern and practice of fraudulently obtaining default judgments against consumers by brining debt collection actions Defendants knew they could not prove. Second Am. Compl. ¶¶ 8–9, ECF No. 45 ("SAC").

1

After the instant case and the SAC were filed, a class action against the Midland Defendants was settled in the United States District Court for the Northern District of Ohio. *Vassalle v. Midland Funding, LLC*, 3:11-CV-0096, 2014 WL 5162380, at *1 (N.D. Ohio Oct. 14, 2014) (the "*Vassalle* Settlement").

Following the *Vassalle* Settlement, the Midland Defendants sought to stay the instant action, which Plaintiffs opposed as untimely. ECF Nos. 190, 191. On July 19, 2017, Magistrate Judge Tomlinson granted a stay of the instant proceedings while the Northern District of Ohio determined whether the claims brought by Plaintiffs Vazquez and Pierre in this Court were encompassed within the *Vassalle* Settlement and subject to the injunction issued by the Ohio federal court. ECF No. 198. That same day the Honorable Judge Jack Zouhary of the Northern District of Ohio issued an order (the "Zouhary Decision"), stating Plaintiffs "may not pursue claims on behalf of a *Vassalle* class member which rely upon or include a claim that Midland used affidavits made without personal knowledge in debt-collection lawsuits." R&R at 4–5.

On November 15, 2017, Magistrate Judge Tomlinson held a hearing and determined new briefing was required based on the Zouhary Decision. ECF No. 206. Further, Magistrate Judge Tomlinson required Plaintiffs to file a Third Amended Complaint to address changes needed considering the Zouhary Decision. *Id.* After the Third Amended Complaint was filed, Defendants filed a letter motion stating, "Plaintiffs have brazenly, *and for the first time in this litigation,* alleged claims against the law firm Defendants based upon the Fair Debt Collection Practices Act (FDCPA)." Defs.' Ltr. Mot. to Stay, at 1, ECF No. 209 (emphasis in original). In opposition, Plaintiffs' counsel stated his request at the November 15, 2017 hearing was to amend the complaint to "fully conform with the evidence." Pls.' Ltr. in Opp'n to Defs.' Mot., at 1, ECF

2

No. 213. On November 13, 2018, Magistrate Judge Tomlinson struck the Third Amended Complaint for failure to comply with her previous orders. ECF No. 219.

On January 24, 2019, Plaintiffs filed a motion to file a proposed Fourth Amended Complaint ("FAC"). Pls.' Mot. to Am. at 1, ECF No. 225. Midland Defendants and Forster & Garbus LLP opposed the proposed FAC contending Plaintiffs should proceed with the SAC as the operative complaint. Midland Opp'n, at 4–5; F & G Joinder Ltr., at 1. On February 7, 2019, Defendant Rubin & Rotherman, LLC, joined by Forster & Garbus LLP and Selip & Stulianou, filed a motion for sanctions, based on Plaintiffs' filing of the TAC. ECF Nos. 231, 232, 233. Plaintiffs opposed this motion. ECF No. 235.

The Court issued an order referring these motions to the Honorable Magistrate Judge Kathleen Tomlinson for a report and recommendation, ECF No. 244, which she filed on March 4, 2020, R&R. In the well-reasoned R&R, Magistrate Judge Tomlinson recommended the Court (1) grant Plaintiffs' motion to amend the complaint and (2) grant Defendants' request for sanctions. R&R at 2. On May 8, 2020, Midland Defendants and Plaintiffs filed objections to the R&R. Midland Objection to R&R, ECF No. 250 ("Midland Obj."); Pls.' Objection to R&R, ECF No. 251 ("Pls. Obj."). On June 5, 2020, Defendants and Plaintiffs filed cross Oppositions. ECF Nos. 257, 258.

**DISCUSSION**

I. **Standard of Review**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties must serve and file any written objections to the proposed findings and recommendations within fourteen days of being served with a copy of such proposed findings and recommendations. *Id.* A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citation omitted). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.,* 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

II. **Analysis**

A. **Uncontested Portions of the Report and Recommendation**

Finding no evidence of clear error on the record, the Court adopts the Report and Recommendation of Magistrate Judge Tomlinson as to all matters uncontested by the parties. Accordingly, the Court GRANTS Plaintiffs' motion to amend the complaint. *See* R&R at 18–29. Midland Defendants are the only Defendants to file an objection to Magistrate Judge

4

Tomlinson's R&R.[1]  Notably, "Midland does not contest the findings in the [R&R] but seeks clarification and comment regarding the remaining claims against Midland on which the [R&R] was silent."  Midland Obj. at 1–2.  The Midland Defendants seek clarification regarding the effect of the *Vassalle* Settlement and *Vassalle* court ruling on: (1) claims advanced by Plaintiffs David Agoado, Leeann McNally, Craig Moore, and Thomas Sharkey stating Midland used affidavits "without personal knowledge" of the information in the affidavits; (2) the language of affidavits which Plaintiffs' claim violate the FDCPA.  *Id.* at 2–4.

Magistrate Jude Tomlinson's well-reasoned, meticulous R&R does not require further clarification.  First, Magistrate Judge Tomlinson did not address claims advanced by Plaintiffs David Agoado, Leeann McNally, Craig Moore, and Thomas Sharkey because these Plaintiffs were not members of the *Vassalle* class.  The Zouhary Decision was "narrowly defined.  Class members are prohibited from asserting independent claims based only on Midland's affiants falsely attesting to having personal knowledge of individual accounts. . . . Thus, while the release eliminates some avenues class members could use to seek relief, it leaves many others open."  *Pelzer v. Vassalle*, 655 F. App'x 352, 361 (6th Cir. 2016).

Second Magistrate Judge Tomlinson precisely stated "Plaintiffs allege a theory that Defendants' affidavits are misleading based on grounds separate and distinct from the alleged scheme rooted in the 'personal knowledge' affidavits -- namely, that Defendants' utilize affidavits which misstate FDCPA language and are misleading to consumers.  Claims of this nature are not barred by *Vassalle*. . . .  Plaintiffs do not need to abandon affidavit claims in their entirety as Defendants suggest."  R&R at 26–27.

---

[1] As noted by Magistrate Judge Tomlinson, "It is important to note that Defendant Rubin & Rothman did not file any opposition to Plaintiffs' motion to amend.  Neither did Defendants Cohen & Slamowitz or Pressler and Pressler.  Defendant Foster & Garbus submitted a one paragraph letter stating that it was joining in all arguments presented by the Midland Defendants."  R&R at 21 n.5.

Therefore, the Court ADOPTS Magistrate Judge Tomlinson's determination in this regard and GRANTS Plaintiffs' motion to amend.

## B. Joint Motion for Sanctions

Plaintiffs object to Magistrate Judge Tomlinson's recommendation the Court impose sanctions in the form of "reasonable costs, including attorneys' fees, which were incurred in connection with Plaintiffs' unreasonable multiplication of the proceedings in this case." R&R at 36. Plaintiffs contend sanctions are not warranted because (1) TAC should not have been stricken, and (2) there was no "bad faith" in filing the TAC. Pls.' Obj. at 1–10.

The Court agrees with Magistrate Judge Tomlinson "that it is somewhat lost on the Plaintiffs that their failure to comply with the Court's Orders was serious enough for the Court to take the drastic action of striking the TAC." R&R at 36. The record is clear, the Court gave Plaintiffs leave to "file a Third Amended Complaint in order to address the changes which need to be made in light of Judge Zouhary's decision." ECF No. 206. This was not "a blank check to 'conform the TAC to the evidence.'" R&R at 34. Rather, "[t]he purpose of [the TAC] was to clarify and streamline the actual causes of action going forward in the case and the proper plaintiffs in the case as well based on Judge Zouhary's decision." Tr. of Nov. 7, 2018 Conference, at 5, ECF No. 220.

Instead of streamlining the causes of action, Plaintiffs added an expanded, nationwide class against the Midland Defendants and an FDCPA cause of action against the Law Firm Defendants, significantly expanding the Complaint. Blackline Copy of TAC, ECF No. 218. Plaintiffs' digressive detour from the Court's order leads to the conclusion Plaintiffs either completely disregarded the Court's order or failed to fully comprehend. Magistrate Judge

6

Tomlinson was correct to strike the TAC and this Court applauds her handling of the Plaintiffs' petulance.

The Court is authorized to impose sanctions on an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "Section 1927 authorizes the imposition of sanctions when 'there is a clear showing of bad faith on the part of an attorney.'" *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (quoting *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)). However, "[c]ourts in this circuit construe the statute 'narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" *Romeo v. Sherry*, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) (Garaufis, J.) (quoting *Mone v. C.I.R.*, 774 F.2d 570, 574 (2d Cir. 1985)).

In the present matter, Plaintiffs did not follow Magistrate Judge Tomlinson's order to modify the TAC to account for the Zouhary Decision. Plaintiffs have unreasonably multiplied the proceedings in this case wasting the resources of this Court and their clients. It is the opinion of this Court, however, Plaintiffs' reckless and overzealous advocacy does not meet the high threshold of constituting "bad faith." *Success Vill. Apartments v. Amalgamated Local 376*, 234 F.R.D. 36, 40 (D. Conn. 2006) ("An award of sanctions under [section 1927] is highly unusual, and requires a finding of bad faith, which can be established where the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.") (internal citations and quotations omitted). Therefore, the motion for sanctions is DENIED.

## **CONCLUSION**

Upon a careful review of Magistrate Judge Tomlinson's R&R, ECF No. 246, and the objections filed thereto, ECF Nos. 250, 251, the Court adopts the recommendation of the R&R in part and denies in part. Accordingly, Plaintiffs' motion to amend, ECF No. 225, is GRANTED and the joint motion for sanctions, ECF Nos. 231, 232, 233, is DENIED.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2020
 Brooklyn, New York