UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID AGOADO, LEEANN MCNALLY, CRAIG MOORE, CHRIS PIERRE, THOMAS SHARKEY, and DOREEN VAZQUEZ, individually and on behalf of all others similarly situated,

     Plaintiffs,

 - against -

MIDLAND FUNDING, LLC, MIDLAND FUNDING, LLC DBA IN NEW YORK AS MIDLAND FUNDING OF DELAWARE, LLC, and MIDLAND CREDIT MANAGEMENT, INC., RUBIN & ROTHMAN, LLC, FORSTER & GARBUS LLP, COHEN & SLAMOWITZ, LLP, SELIP & STYLIANOU, and PRESSLER AND PRESSLER LLP,

     Defendants.
-----------------------------------------------------------------X

**ORDER
ON MOTIONS**

CV 14-18 (WFK) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

 Pending before the Court is the letter motion by Defendant Rubin & Rothman, LLC ("R & R") seeking to compel Plaintiffs Christopher Pierre and Doreen Vazquez "to appear for limited supplemental deposition[s] related to the issue of adequacy to act as . . . class representative[s]" pursuant to Federal Rule of Civil Procedure ("Rule") 23(a)(4). *See* Motion to Compel Plaintiffs to Appear for Limited Supplemental Deposition ("R & R's Mot.") [DE 265]. Defendant R & R wishes to depose Plaintiffs Pierre and Vazquez to inquire about their knowledge of the conduct of their counsel with respect to the filing of the Third Amended Complaint[1] as well as the Fourth Amended Complaint which, according to R & R, contains

---

[1]  The Court presumes the parties' familiarity with respect to the chain of events that culminated in the Court's striking the Third Amended Complaint. *See* Report and Recommendation [DE 246].

"many allegations . . . which are clearly false." *See id.* at 2. Although R & R submits that the Fourth Amended Complaint contains "many" false allegations, R & R refers the Court to only one in particular which pertains to the length of time Defendants garnished Plaintiff Vazquez's wages. *Id.* On this basis, R & R seeks to re-depose these two Plaintiffs to demonstrate their "ignorance . . . as to pleadings filed on their behalf" by asking whether they were aware of or reviewed the pleadings in this action before they were filed. *Id.* at 2, 3. R & R states that it intends to utilize their testimony in support to support a planned motion to deny class certification. *Id.* at 3.

Plaintiffs oppose the motion to compel, arguing that R & R is attempting to "bootstrap" a non-dispositive factual dispute as grounds to conduct an additional round of depositions. *See* Plaintiffs' Response in Opposition ("Pls.' Opp'n") [DE 266] at 1. Noting that discovery in this case closed several years ago (March 1, 2016), Plaintiffs also point out that R & R did not attempt to confer with Plaintiffs prior to filing this motion and that the issue of class certification is not before the Court at this time. *Id.* at 1-2. Plaintiffs also cite an Order issued in June 2016 by Judge Azrack, the then-assigned District Judge, which provides that certification issues will not be adjudicated until after the parties conclude summary judgment motion practice. *Id.* at 1 & n.2; *see also* Transcript of June 14, 2016 Conference [DE 139] at 5 ("[W]e're not going to talk about the class certification issue because we're going to do a summary judgment motion first.") and 31 ("[D]epending on what happens in summary judgment, . . . we [may] have to go on to . . . class briefing."). Plaintiffs then contend that the factual dispute raised by R & R does not render a party and its counsel inadequate to represent a class and that motions to deny class certification are typically rejected in the Second Circuit. *See* Pls.' Opp'n at 1, 3. As a final matter, Plaintiffs request permission to amend the Fourth Amended Complaint to correct the

allegation pertaining to the length of time Plaintiff Vazquez's wages were garnished to resolve R & R's concerns. *See id.* at 2; Notice of Errata to Plaintiffs' Fourth Amended Complaint [DE 266-1].[2]

As an initial matter, the Court notes that R & R has failed to comply with Local Rule 37.3 which obligates parties to meet and confer in good faith prior to seeking court intervention on any discovery disputes. There is no certification within R & R's motion stating compliance with Local Rule 37.3. Plaintiffs maintain that R & R did not even attempt to contact them to try to resolve the issues raised by the instant motion. *See* Pls.' Opp'n at 3 & n.3. Failure to comply with the Local Rules is sufficient grounds to warrant denial of a motion. *See Walsh v. Caliber Home Loans, Inc.*, No. 19-CV-08966, 2021 WL 124684, at *1 (S.D.N.Y. Jan. 13, 2021). Notwithstanding R & R's failure to comply with its obligations under Local Rule 37.3, the Court, having reviewed and considered the motion, finds that R & R's arguments go to the merits of Plaintiffs' claims, cloaked in an asserted procedural defect concerning the adequacy of the class representatives. In essence, counsel for R & R is attempting to demonstrate why Plaintiffs' statement concerning the length of time Plaintiff Vazquez's wages were garnished is factually incorrect. Moreover, the Court notes that the allegation R & R claims to be false does not even implicate Plaintiff Pierre which makes it unclear why R & R seeks to re-open his deposition.

---

[2] The Court also notes that R & R filed a letter "motion to strike" a statement in Plaintiffs' opposition which also contained a request for permission to file a reply. *See* Letter Motion to Strike [DE 267]. Although labeled as a motion to strike, this letter, in substance, is a reply in support of R & R's motion to compel. The Court's Individual Rule III.A.1 prohibits replies on letter motions. Therefore, to the extent this letter responds to any arguments or statements contained in Plaintiffs' opposition, the Court has not considered it. Moreover, to the extent this letter seeks permission to file a reply, which, in actuality would be a sur-reply, R & R's request is DENIED.

3

Accordingly, the Court sees no basis to re-open the depositions of Plaintiffs Vazquez and Pierre. Counsel for R & R makes multiple assumptions based on supposition but has not provided any good faith substantive basis to support this application. In addition, re-opening the depositions to cover the information described by counsel for R & R would undoubtedly invoke attorney-client privilege issues and the Court finds no exception to that privilege here. To the extent counsel may be inferring a "crime fraud" exception to privilege -- nothing he has identified as such -- the Court finds that the facts here do not fit within that framework either. "In the Second Circuit, application of the crime-fraud exception requires a party to 'demonstrate that there is probable cause to believe that a crime or fraud has been attempted or committed and that the communications were in furtherance thereof.'" *Linde v. Arab Bank*, 608 F. Supp. 2d 351, 357 (E.D.N.Y. 2009) (quoting *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir. 1995)); *accord United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997). The Second Circuit has defined "probable cause" in this context to mean "a reasonable basis for believing that the objective was fraudulent." *In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1039 (2d Cir. 1984); *see also Aiossa v. Bank of America, N.A.*, No. CV 10-01275, 2011 WL 4026902, at *6 (E.D.N.Y. Sept. 12, 2011) ("[C]ourts in the Southern and Eastern Districts of New York have applied a standard more demanding than a simple, if reasonable, suspicion of fraud and less demanding than fraud shown by a preponderance of the evidence.") (internal quotation marks and citations omitted). Nothing in R & R's motion comes close to meeting this standard.

The Court finds that the issue on which R & R seeks to re-open the depositions of Plaintiffs Pierre and Vazquez -- after discovery has been closed for a substantial period of time -- is not material to the defense of this action. R & R's motion is therefore DENIED. The parties at this juncture should be moving on to dispositive motion practice in compliance with

Judge Kuntz's Individual Rules. <u>The Court is setting a **deadline of October 19, 2021** for the filing of any letter requests for a pre-motion conference to Judge Kuntz for purposes of moving for summary judgment</u>.

Finally, with respect to Plaintiffs' request to amend the Fourth Amended Complaint to correct the allegation pertaining to the length of time Plaintiff Vazquez's wages were garnished to resolve R & R's concerns, the Court points out that pursuant to his Individual Rules, Judge Kuntz handles his own requests/motions to amend. Although the request seems reasonable and practical on its face, Plaintiffs need to address their request directly to Judge Kuntz.

**SO ORDERED.**

Dated: Central Islip, New York
September 23, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge