# Ex. M-L(a)

Summons and Complaint from Wells Fargo to Moore

**CONFIDENTIAL INFORMATION**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2
Plaintiff,

Index #: 19372/2012
Filed: 6/12/12

**SUMMONS**

-against-

Craig N. Moore, Candice A. Moore, County of Suffolk, Orthopedic Associates of LI LLP, Discover Bank, Advantage Assets II Inc. and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the Mortgaged premises described in the Complaint,

Defendants.

Plaintiff designates Suffolk County as the place of trial. Venue is based upon the County in which the mortgage premises is situated.

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the attorneys for the plaintiff within twenty (20) days after service of this Summons, exclusive of the day of service; or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York; or within sixty (60) days if it is the United States of America. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.



EXHIBIT
Moore 5
7-14-15 ca

Pressler & Pressler, LLP document production - P&P #213
Agoado et al v Midland Funding LLC et al, 2:14-cv-00018-LDW-ARL, EDNY (P&P #M326572)

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: Williamsville, New York
June 25, 2012

FRENKEL, LAMBERT, WEISS,
WEISMAN & GORDON, LLP

BY: Timothy P Seibold
Attorneys for Plaintiff
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.: 01-043702-F00

TO:
Craig N. Moore
25 Crater Lake Drive
Coram, NY 11727-2006

Candice A. Moore
25 Crater Lake Drive
Coram, NY 11727-2006

County of Suffolk
Office of Community Development
H. Lee Dennison Building, 11th Floor
P.O. Box 6100
Hauppauge, NY 11788-0099

Pressler & Pressler, LLP document production - P&P #214
Agoado et al v Midland Funding LLC et al, 2:14-cv-00018-LDW-ARL, EDNY (P&P #M326572)

**CONFIDENTIAL INFORMATION**

Orthopedic Associates of LI LLP
6 Technology Drive
East Setauket, NY

Discover Bank
6500 New Albany
New Albany, OH 43054

Advantage Assets II Inc.
7322 Southwest Freeway, Suite 1600
Houston, TX 77074

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Wells Fargo Bank, N.A., as Trustee for Option One Mortgage
Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2
                              Plaintiff,                        **COMPLAINT**

    -against-

Craig N. Moore, Candice A. Moore, County of Suffolk,
Orthopedic Associates of LI LLP, Discover Bank, Advantage
Assets II Inc. and "JOHN DOE #1" through "JOHN DOE #10",
the last ten names being fictitious and unknown to the plaintiff,
the person or parties intended being the persons or parties, if
any, having or claiming an interest in or lien upon the
Mortgaged premises described in the Complaint,

                              Defendants.

      The plaintiff, by its attorneys, Frenkel, Lambert, Weiss, Weisman, & Gordon, LLP, complaining of the defendants herein allege, upon information and belief, as follows:

### AS A FIRST CAUSE OF ACTION

1. That the plaintiff, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2, at all times hereinafter mentioned was and still is a National Association organized under the laws of the United States of America with offices at c/o Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. 1525 S. Belt Line Road, Coppell, TX 75019.

2. On or about February 10, 2006, Craig N. Moore and Candice A. Moore (hereinafter "mortgagors") executed and delivered to Global Home Loans and Finance Inc. a note dated February 10, 2006 whereby Craig N. Moore and Candice A. Moore promised to pay the principal sum of $337,250.00. A copy of the original note is annexed hereto as **Exhibit "A"**

3. On or about February 10, 2006, Craig N. Moore and Candice A. Moore executed and delivered to Global Home Loans and Finance Inc. a mortgage (hereinafter "mortgage") in the principal sum of $337,250.00, with interest, mortgaging the premises known as 25 Crater Lake Drive, Coram, NY 11727 (hereinafter "premises") as collateral security for the note. The mortgaged premises are more fully described in **Exhibit "B"** annexed hereto.

**Pressler & Pressler, LLP document production - P&P #216**
Agoado et al v Midland Funding LLC et al, 2:14-cv-00018-LDW-ARL, EDNY (P&P #M326572)

4. The Mortgage was duly recorded in the Office of the Clerk of the County of Suffolk on February 27, 2006 in Liber 21243 at Page 519 and the recording tax was duly paid. The note and mortgage were assigned to Option One Mortgage Corporation by an assignment dated February 14, 2006 and recorded on November 30, 2006, in Liber 21427 at Page 446. Subsequently assigned to Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2006-2 Asset-Backed Certificates, Series 2006-2 by an assignment dated July 26, 2008 and recorded on July 29, 2008, in Liber 21734 at Page 684. Thereafter, the note and mortgage were modified pursuant to a Loan Modification Agreement dated September 1, 2008, which created a single lien in the amount of $343,031.88. Thereafter, the note and mortgage were modified pursuant to a Loan Modification Agreement dated July 1, 2010, which created a single lien in the amount of $376,748.90. The mortgage, loan modification, and assignments are annexed hereto as **Exhibit "C"**

5. That Plaintiff is in possession of the original note with a proper endorsement or Allonge in favor of Plaintiff and is, therefore, the holder of both the note and the mortgage that secures such note, which passes as incident to the note.

6. Given the Plaintiff's holder status to the note, Plaintiff is the current legal holder of the mortgage securing the note, the originals of which are in Plaintiff's possession and control and Plaintiff is entitled to enforced the subject note pursuant to law, which includes this action to realize upon the security that secures such note. That the plaintiff is now the owner and holder of the said note and mortgage securing the same.

7. Pursuant to the loan modification, Craig N. Moore and Craig N. Moore promised to make consecutive monthly payments of principal and interest each month, in accordance with the terms of the loan modification agreement, commencing August 1, 2010 and on the first day of each succeeding month up to and including March 1, 2036 when the entire principal amount and accrued interest shall be due and payable.

8. Pursuant to the terms of the mortgage, in addition to principal and interest, the Mortgagee can collect and charge to the loan all amounts necessary to pay for taxes, assessments, leasehold payments or ground rents (if any), hazard insurance and mortgage insurance.

9. The Mortgage further provides that in case of default in the payment of any principal or interest or any other terms, covenants or conditions of the Mortgage, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage immediately due and payable, and the holder of the Mortgage is empowered to sell the mortgaged premises according to law.

10. The mortgagors failed to comply with the terms, covenants and conditions of said Note and Mortgage by failing and omitting to pay, to the plaintiff, payments due on June 1, 2011 and said default has continued for a period in excess of fifteen (15) days.

11. Pursuant to the terms of the note and mortgage, the plaintiff has elected and does hereby elect to declare the entire principal balance to be due and owing.

12. That there is now due and owing to the plaintiff under said Note and Mortgage the principal sum of $313,180.86 with interest thereon from May 1, 2011, plus late charges if applicable pursuant to the terms of the note and advances made by the plaintiff on behalf of the defendant(s) and any other charges due and owing pursuant to the terms of the Note and Mortgage.

13. Plaintiff has complied with all conditions precedent, required by the mortgage, prior to the commencement of this action.

14. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of payment after the date of commencement of this action of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

15. In order to protect its security, the plaintiff may be compelled, during the pendency of this action, to pay sums for premiums on insurance policies, real estate taxes, assessments, water charges and sewer rents which are or may become liens on the Mortgage premises, and other charges which may be necessary for the protection of the Mortgage premises, and the plaintiff pays that any sum or sums so paid, together with interest from the date of payments, shall be added to the plaintiff's claim and be deemed secured by said Note and Mortgage and adjudged a valid lien on the mortgaged premises, and that the plaintiff be paid such sums, together with interest thereon, out of the proceeds of the sale of the mortgaged premises.

16. Upon information and belief all the defendants herein have or claim to have some interest in our lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of Plaintiffs mortgage, or has been paid or equitably subordinated to Plaintiff's mortgage, or been duly subordinated thereto. The reason for naming said defendants is set forth in "Schedule A" that is attached to this complaint.

17. That there are no pending proceedings at law or otherwise to collect or enforce said note and mortgage.

18. Plaintiff has complied with all of the provisions of Banking Law §595-a and any rules and regulations promulgated thereunder, Banking Law §§6-1 and 6-m, if applicable.

19. Upon information and belief, Plaintiff has complied with the provisions of Real Property Actions and Proceedings Law §1304 and §1306 unless exempt from doing so.

20. The Mortgage provides that, in the case of foreclosure, the mortgaged premises may be sold in One parcel and that if the premises consists of more than one parcel, plaintiff respectfully requests that the judgment of foreclosure provide for the parcels to be sold as one parcel.

21. The sale of the mortgaged premises under foreclosure herein is subject to any state of facts that an inspection of the premises would disclose, any state of facts an accurate survey would show, and to covenants, restrictions and easements, if any, of record affecting said Mortgage premises and any violation thereof, any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale, prior mortgages and liens of record, if any, any rights of tenants or persons in possession of the subject premises, and to zoning regulations and ordinances of the city, town or village in which said Mortgage premises lies and any Violations thereof.

22. In the event that the plaintiff possesses any other lien(s) against the mortgaged premises either by way of judgment, junior Mortgage or otherwise, plaintiff requests that such other lien(s) not be merged in plaintiff's cause(s) of action set forth in this Complaint, but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

### AS AND FOR A SECOND CAUSE OF ACTION

23. The plaintiff repeats and realleges each and every allegation contained in paragraphs designated 1 through 22.

24. The mortgage provides that in the event of default, the plaintiff may recover all costs, including reasonable attorneys' fees, disbursements, and allowances provided by law in bringing any action to protect its interest in the premises, including foreclosure of the mortgage.

WHEREFORE, the plaintiff demands judgment against the Defendant(s) as follows:

   a) That the defendants and all persons claiming under them or any of them, subsequent to the commencement of this action and to the filing of the Notice of Pendency of this action, may be barred and foreclosed of all right, title, claim, lien and equity of redemption in the mortgaged premises;

   b) That the mortgaged premises be sold in One parcel according to law subject to any state of facts an accurate survey would show, any covenants, easements, encroachments, reservations, and restrictions, Violations and agreements of record, zoning regulations and ordinances of the city, town, or village; wherein the premises are located, any state of facts a physical inspection will disclose, rights of tenants and other persons in possession of the mortgaged premises, prior judgments, liens and mortgages of record and any and all rights of the United States of America to redeem the subject premises;

   c) That the premises be sold in accordance with Title 28, Section 2410 of the United State Code preserving all rights of redemption, if any, of the United States of America;

Pressler & Pressler, LLP document production - P&P #219
Agoado et al v Midland Funding LLC et al, 2:14-cv-00018-LDW-ARL, EDNY (P&P #M326572)

d) That the monies received from the sale be brought into Court and that plaintiff be paid the amount adjudged to be due it with interest thereon to the time of such payment, together with late charges, any sums paid by the plaintiff for real estate taxes, assessments, water charges and sewer rents, insurance premiums, sums expended for the protection or preservation of the property, together with attorneys' fees as demanded in the second cause of action, the costs and disbursements of this action and any other necessary expenses to protect the lien of the Mortgage to the extent that the amount of such monies applicable thereto will pay the same;

e) That this Court, if requested, appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties;

f) That the defendant(s) obligated under the note be adjudged to pay any deficiency which may remain after applying all of such monies as aforesaid in accordance with the law and provided that plaintiff have execution therefore, unless the debt has been discharged in a Bankruptcy petition or that said defendant(s) obligated under the note have been relieved of responsibility for any such deficiency.

g) That in the event plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior Mortgage or otherwise, plaintiff requests that such other lien(s) shall not be merged in plaintiff's cause(s) of action(s) set forth in the Complaint but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination or priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings;

h) That plaintiff have such other and further relief in the mortgaged premises as may be just and equitable.

Dated: Williamsville, New York
June 25, 2012

Frenkel, Lambert, Weiss, Weisman, & Gordon, LLP

By: /s/ Timothy P. Seibold
Timothy P. Seibold
Attorneys for Plaintiff
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.. 01-043702-F00

Pressler & Pressler, LLP document production - P&P #220
Agoado et al v Midland Funding LLC et al, 2:14-cv-00018-LDW-ARL, EDNY (P&P #M326572)