# Murphy-Agoado Ex. K

State of NEW YORK

MIDLAND FUNDING LLC,

Plaintiff

-vs-

AFFIDAVIT OF KAYLA HAAG IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

DAVID AGOADO,

Defendant(s).

---

Kayla Haag, whose business address is 16 Mcleland Road Suite 101, St. Cloud, MN 56303, being duly sworn deposes and says the following statement in support of Plaintiff's Motion for Default Judgment:

1. I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff purchases portfolios of delinquent accounts from either the original credit grantor or a subsequent purchaser of the account, and MCM services the accounts on behalf of Plaintiff. As part of its operations, MCM operates and maintains computer systems, into which MCM integrates electronic records and information received from the seller regarding the individual accounts.

2. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's CHASE BANK USA, N.A. account ▮▮▮▮▮▮▮3559 (MCM Number ▮▮▮▮2447) (hereinafter "the account"). I have access to and have reviewed the electronic records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf.

3. I am familiar with and trained on the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge

---

AFFIDAVIT OF KAYLA HAAG IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT -1

of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

4. The account shows that the defendant(s) owed a balance of $7985.20 as of 2011-11-27; and that interest is due from 2011-11-27 accrued at a rate of 9.0000% as an annual percentage rate.

5. Based upon my review of MCM's business records: 1) defendant(s) opened the account with CHASE BANK USA, N.A. on 1997-08-17; 2) the last payment posted to the account on 2009-08-05; and 3) the account was charged off on 2010-01-31.

6. MCM's records show that this action is based upon a revolving credit agreement entered into between defendant(s) and the original credit grantor. MCM's records further indicate defendant(s) used or authorized the use of the credit card account but failed to make the payments due pursuant to the agreement.

7. It is in the ordinary course of business for plaintiff or its agents to cease collection efforts on accounts where there is record of a legitimate dispute by the consumer or where MCM received a substantiated claim that any credit card associated with this account has been reported lost or stolen.

8. MCM's business records do not indicate that the defendant is an infant or an incompetent person.

9. It is in the ordinary course of business for plaintiff or its agents to send a validation letter to defendant(s) in accordance with the Fair Debt Collection Practices Act (15 USC § 1692g) setting forth the amount of the debt, identifying plaintiff as the creditor to whom the debt is owed, and notifying defendant(s) that, in accordance with the FDCPA, unless defendant(s) disputes the validity of the debt, or any portion of it, the debt will be assumed valid.

---

AFFIDAVIT OF KAYLA HAAG IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT -2





S&S000126

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

JUL 1 1 2012
_____
Date

_____
Kayla Haag

STATE OF MINNESOTA ) 
                              ) ss
COUNTY OF STEARNS )

The foregoing instrument was acknowledged before me on this 11 day of July, 2012, by Kayla Haag, a Legal Specialist of Midland Credit Management, Inc., a foreign corporation, and hereby notarized pursuant to the laws of the State of Minnesota on behalf of the corporation.

Subscribed and sworn to before me this 11 day of July, 2012.

_____
Signature of Notary Public or Other Official

Notarial Stamp or Seal (or other Title or Rank):

Francine M. Semmler
NOTARY PUBLIC-MINNESOTA
My Comm Exp Jan 31, 2015

NY27
COHEN & SLAMOWITZ

---

AFFIDAVIT OF KAYLA HAAG IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT -3

S&S000127

**CERTIFICATE OF CONFORMITY**

  I, Jill N Brown, an attorney-at-law of the State of Minnesota who resides in the State of Minnesota and is fully acquainted with the laws of the State of Minnesota pertaining to the acknowledgment or proof of deeds of real property to be recorded therein, do hereby certify that I am duly qualified to make this certificate of conformity pursuant to Section 299-a of the Real Property Law of the State of New York and hereby certify that the acknowledgment or proof upon the foregoing document was taken by Francine M. Semmler, a notary public in the State of Minnesota, in the manner prescribed by the laws of the State of Minnesota and conforms to the laws thereof in all respects.

  IN WITNESS WHEREOF, I have hereunto set my signature, this 17 day of July, 2012.

                 _____
                 Jill N Brown, Esq.

                 Attorney at Law, ID# 278117
                 State of Minnesota