UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID AGOADO, LEEANN MCNALLY, CRAIG MOORE, CHRIS PIERRE, THOMAS SHARKEY, and DOREEN VAZQUEZ, individually and on behalf of all others similarly situated<br><br>       Plaintiffs<br><br>       v.<br><br>MIDLAND FUNDING, LLC, MIDLAND FUNDING, LLC DBA IN NEW YORK AS MIDLAND FUNDING OF DELAWARE, LLC, and MIDLAND CREDIT MANAGEMENT, INC., RUBIN & ROTHMAN, LLC, FORSTER & GARBUS LLP, COHEN & SLAMOWITZ, LLP, and PRESSLER AND PRESSLER, LLP<br><br>       Defendants | Case No. 2:14-cv-00018-WFK-AKT<br><br><br><br>RETURN DATE: t/b/d |

---

**PRESSLER & PRESSLER, LLP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

                                                                Respectfully submitted,
                                                                PRESSLER, FELT & WARSHAW, LLP

Dated:  January 14, 2022        By:   */s/ Michael J. Peters*
                                                              Michael J. Peters, Esq.
                                                              7 Entin Road
                                                              Parsippany, NJ 07054
                                                              Telephone:    (973) 753-5100
                                                              Facsimile:     (973) 753-5353
                                                              mpeters@pfwattorneys.com
                                                              Attorney for Defendant,
                                                              Pressler and Pressler, LLP

**TABLE OF CONTENTS**

PAGE(S)

**TABLE OF AUTHORITIES** ......................................................................................................... iii

**PRELIMINARY STATEMENT** ...................................................................................................1

**PROCEDURAL HISTORY** ..........................................................................................................2

**STATEMENT OF FACTS** ............................................................................................................3

**LEGAL ARGUMENT** ..................................................................................................................3

    **Standard for Rule 56 Motion** .................................................................................................3

I. **PLAINTIFFS FAILED TO SET FORTH ANY FACTS SUPPORTED BY ADMISSIBLE EVIDENCE OF ANY ACT OR INACTION BY PRESSLER IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT; AS A RESULT, THE MOTION SHOULD BE DENIED AS TO PRESSLER** ..............................................................................................................4

II. **PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE CLAIMS NOT RAISED IN A MOVING BRIEF ARE WAIVED** ..............................................5

III. **PRESSLER ADOPTS AND INCORPORATES THE MIDLAND DEFENDANTS AND OTHER LAW FIRM DEFENDANTS' ARGUMENTS IN OPPOSITION** ..................................................................................6

**CONCLUSION** .............................................................................................................................6

## TABLE OF AUTHORITES

**PAGE(S)**

**CASES**

*A Helping Hand, LLC v. Balt. Cnty.*,
  515 F.3d 356 (4th Cir. 2008) ...................................................................................................5

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)..................................................................................................................3

*Avila v. Riexinger & Assocs., LLC*,
  817 F.3d 72 (2d Cir. 2016).........................................................................................................1

*Fletcher v. Atex, Inc.*,
  68 F.3d 1451 (2d Cir. 1995).......................................................................................................3

*Golden Pac. Bancorp v. FDIC*,
  375 F.3d 196 (2d Cir. 2004).......................................................................................................3

*Hetchkop v. Woodlawn at Grassmere, Inc.*,
  116 F.3d 28 (2d Cir. 1997).........................................................................................................3

*Hicks v. Baines*,
  593 F.3d 159 (2d Cir. 2010).......................................................................................................3

*MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*,
  435 F. Supp. 2d 285 (S.D.N.Y. 2006).........................................................................................4

*Mu Yan Lin v. Burlington Ins. Co.*,
  2012 U.S. Dist. LEXIS 38537 (S.D.N.Y. Mar. 21, 2012) ..........................................................3

*Nova Cas. Co. v. Liberty Mut. Ins. Co.*,
  540 F. Supp. 2d 476 (S.D.N.Y. 2008).........................................................................................3

*Olson v. Midland Funding, LLC*,
  578 Fed. Appx. 248 (4th Cir. 2014)............................................................................................5

*United States v. McPartland*,
  2020 U.S. Dist. LEXIS 222099 (E.D.N.Y. Nov. 27, 2020)........................................................5

**STATUTES AND RULES**

New York General Business Law § 349......................................................................................1

New York Judiciary Law § 487 ...................................................................................................1

Fed. R. Civ. P. 56.....................................................................................................................3-5

Local Civil Rule 56.1 ..................................................................................................................4

## PRELIMINARY STATEMENT

Plaintiffs, David Agoado, Leeann McNally, Craig Moore, Chris Pierre, Thomas Sharkey, Madge Shipman, and Doreen Vazquez ("Plaintiffs"), have filed a Motion for Partial Summary Judgment ("Plaintiffs' Motion") against Midland Funding, LLC, ("MF"), Midland Funding, LLC DBA in New York as Midland Funding of Delaware, LLC, ("MFD"), Midland Credit Management, Inc. ("MCM")(MF, MFD, and MCM collectively, "Midland"), Pressler and Pressler, LLP ("Pressler")[1], Rubin & Rothman, LLC ("R&R"),  Forster & Garbus, LLP ("F&G"), and Cohen & Slamowitz, LLP("C&S") (Pressler, R&R, F&G, and C&S collectively the "Attorney Defendants"). Pressler now submits this opposition to Plaintiffs' Motion.

Plaintiffs generally allege violations of New York General Business Law § 349 ("GBL § 349") and New York Judiciary Law § 487 ("N.Y.J.L. § 487") against the Attorney Defendants in this action.[2]

Plaintiffs move for partial summary judgment on three purported claims. First, Plaintiffs allege the Midland Defendants and Attorney Defendants are liable for collecting accounts where it was falsely attested that Midland possessed complete evidence of chain of assignment when it did not. Second, Plaintiffs allege Midland and the Attorney Defendants obtained fraudulent judgments because they claim Midland did not possess and/or review necessary evidence. Finally, Plaintiffs allege affidavits submitted in various state court collection actions contained language that misquoted the FDCPA and were filed with the court.

In support of their motion, Plaintiffs failed to allege any facts with respect to Plaintiff Craig Moore. Pressler's involvement in this case is solely premised on the activity related to the

---

[1] Note that since the inception of this case, Pressler and Pressler, LLP changed its name to "Pressler, Felt & Warshaw, LLP"

collection lawsuit against Mr. Moore. Plaintiffs cannot meet the summary judgment standard because they have asserted no facts related to Mr. Moore in the motion. Pressler further respectfully submits that Plaintiffs have waived any claims against Pressler because they have failed to include any facts and/or assertions that relate to Pressler in the instant motion; it is well-settled that claims that are not raised and/or briefed are waived. Accordingly, Pressler respectfully requests that Plaintiffs Motion be denied.

## **PROCEDURAL HISTORY**

This action was commenced by Plaintiffs by way of summons and complaint filed in the Supreme Court of the State of New York, County of Suffolk, Index No. 06418/2013, on or about November 27, 2013. Midland removed the action to the United States District Court, Eastern District of New York on or about January 2, 2014. Docket Entry ("DE") 1. Defendants initially filed for summary judgment, which then terminated without prejudice on July 20, 2017. DE dated 07/20/2017. After subsequent motion practice, the operative pleading is Plaintiffs' Fourth Amended Corrected Complaint ("FACC"). DE 280.

On October 22, 2021, the Court entered a briefing schedule wherein all moving papers were required to be served by December 3, 2021. Responses are due by January 14, 2022. Reply papers are due by February 11, 2022. DE 287. Plaintiffs served their instant Motion on or about December 3, 2021. Defendant Pressler now opposes Plaintiffs' Motion and respectfully requests that it be denied in its entirety.

---

[2] Pressler joins in and incorporates by reference all arguments made by its co-defendants in support of their respective Motions for Summary Judgment.

## STATEMENT OF FACTS

Pressler incorporates its Response to Plaintiffs' Statement of Uncontested Material Facts ("RSUMF") as if set forth at length herein. There are no facts set forth in Plaintiffs' Motion that discuss or detail any actions or inactions by Pressler.

## LEGAL ARGUMENT

**Standard for Rule 56 Motion**

A Motion for Summary Judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Whether a fact is "material" is determined by the substantive law defining the claims. *Id.* When reviewing a Motion for Summary Judgment, all ambiguities and reasonable inferences are resolved against the moving party. *Nova Cas. Co. v. Liberty Mut. Ins. Co.*, 540 F. Supp. 2d 476, 481 (S.D.N.Y. 2008). Accordingly, if there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-movant on a material issue of fact, summary judgment is improper. *See Hetchkop v.Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 33 (2d Cir. 1997). Nevertheless, a "party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment…[M]ere conclusory allegations or denials…cannot by themselves create a genuine issue of material fact where none would exists." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010)(quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)). Instead, the non-moving party must "'offer some hard evidence showing that its version of the events is not wholly fanciful.'" *Mu Yan Lin v. Burlington Ins. Co.*, 2012 U.S. Dist. LEXIS 38537, at *21 (S.D.N.Y. Mar. 21, 2012)(quoting *Golden Pac. Bancorp v.*

*FDIC*, 375 F.3d 196, 200 (2d Cir. 2004)). However, "[w]here parties on a summary judgment motion do not dispute a dispositive material fact, and merely disagree as to the consequence of that undisputed fact under the law, a question of law is presented for the court's interpretation and the court could not be on firmer ground in granting summary judgment as a matter of law." *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F. Supp. 2d 285, 305 (S.D.N.Y. 2006).

I. **PLAINTIFFS FAILED TO SET FORTH ANY FACTS SUPPORTED BY ADMISSIBLE EVIDENCE OF ANY ACT OR INACTION BY PRESSLER IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT; AS A RESULT, THE MOTION SHOULD BE DENIED AS TO PRESSLER**

Plaintiffs filed the instant motion seeking partial summary judgment. However, Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts fails to allege any conduct by way of action or inaction by Pressler that could lead to a finding of liability.

This case is pending against the Midland Defendants and four law firms that represent the Midland Defendants in the State of New York. Each law firm has at least one named Plaintiff in the case that the law firm filed a collection lawsuit against in the state court.

Plaintiff Craig Moore, a party Plaintiff, is the individual that Pressler filed a collection lawsuit against on behalf of Midland. However, as is evidenced by the Plaintiffs' Statement of Undisputed Material Facts and the Declaration of Gregory A. Frank in support of Plaintiff's Motion, there are no facts and no documents as to the circumstances surrounding Mr. Moore's dealings with Pressler. Pressler can only speculate this is a tactical decision as Midland acquired Mr. Moore's account directly from an original creditor and there were no intervening assignments to other debt purchasers. RSUMF, ¶ 65. Moreover, the affidavit used in support of default judgment as to Mr. Moore's underlying collection action does not contain the language Plaintiffs allege as violative of 15 U.S.C. § 1692g. *Id.* at ¶ 66. Nonetheless, there are <u>no facts asserted</u> pertaining to Pressler in Plaintiffs' Motion. This Court is not required to search the

4

record to identify facts that may establish Plaintiffs' right to summary judgment. Fed. R. Civ. P. 56(c)(3). Simply put, the record on Plaintiffs' Motion is non-existent as to Plaintiff Craig Moore; it is if they failed to submit a Local Civil Rule 56.1 statement as to Pressler. As a result, Plaintiffs cannot meet their burden to establish that no genuine dispute as to a material fact exists and that they are entitled to judgment as a matter of law as to Pressler because there are no facts. The only reference to Pressler in the entire motion is a reference in footnote 1 of Plaintiffs' brief defining terms used in its brief. Pressler, therefore, respectfully requests Plaintiffs' Motion be denied as it fails to establish any violation(s) of the law as to Pressler based on the facts and circumstances surrounding Craig Moore's collection action.[3]

## II. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE CLAIMS NOT RAISED IN A MOVING BRIEF ARE WAIVED

As stated above, Pressler is mentioned once in the moving papers in a footnote. It is a well-settled rule of law that contentions and arguments not raised in the argument section of a moving party's brief are deemed abandoned. *Olson v. Midland Funding, LLC*, 578 Fed. Appx. 248, 250 n. 1 (4th Cir. 2014)("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.")(quoting *A Helping Hand, LLC v. Balt. Cnty.*, 515 F.3d 356, 369 (4th Cir. 2008)(emphasis and internal quotation marks omitted)). *See also United States v. McPartland*, 2020 U.S. Dist. LEXIS 222099, at *76 (E.D.N.Y. Nov. 27, 2020)(argument considered waived if not raised in opening brief). This case is still an individual action because Plaintiffs' have not certified any class. As a result, Plaintiffs cannot establish liability against a specific party through generalized argument and facts pertaining to other co-

---

[3] Rather than cross-move in response to Plaintiff's Motion, Pressler has separately moved for summary judgment on all the allegations as pertain to Pressler in this action by the deadline set by the Court. Pressler's arguments in opposition are all factually supported by a Local Rule 56.1 statement. Pressler adopts its arguments set forth in its moving papers herein as well.

5

defendants, especially with differing facts and circumstances surrounding each Plaintiffs' individual collection action. Plaintiffs have waived any argument as to partial summary judgment against Pressler because they have failed to present any raise specific arguments, or asserted facts against, Pressler. Pressler, therefore, respectfully requests that Plaintiff's Motion be denied.

### III. PRESSLER ADOPTS AND INCORPORATES THE MIDLAND DEFENDANTS AND OTHER LAW FIRM DEFENDANTS' ARGUMENTS IN OPPOSITION TO PLAINTIFFS' MOTION

Pressler adopts and incorporates the arguments set forth by the Midland Defendants and other Law Firm Defendants in response to Plaintiffs' instant motion insofar as the generalized arguments may be considered against Pressler despite the dearth of any facts as to how Plaintiff Craig Moore was similarly affected. Pressler also relies on those arguments in its request that Plaintiff's Motion be denied.

### **CONCLUSION**

Wherefore, based upon the foregoing, Defendant Pressler respectfully requests that the Court deny Plaintiffs' Motion for partial summary judgment.

Respectfully submitted,
PRESSLER, FELT & WARSHAW, LLP

Dated: January 14, 2022   By:   */s/ Michael J. Peters*
Michael J. Peters, Esq.
Attorneys for Pressler & Pressler, LLP

6