# Exhibit N

## PERSONAL CREDIT LINE ACCOUNT AGREEMENT VARIABLE RATE

Lender: (Called "We", "Us", "Our")
HOUSEHOLD FINANCE CORPORATION III
510 BROADHOLLOW RD
SUITE 104
MELVILLE, NY 11747

Borrowers: (Called "You", "Your")
DAVID AGOADO
1203 AUGUST ROAD
NO BABYLON, NY 11703

| | | | |
|---|---|---|---|
| Date of Agreement: | 12/02/2008 | INITIAL ANNUAL PERCENTAGE RATE: | 23.5000% |
| Loan Number: | 643501-20-138468 | Initial Monthly Periodic Rate: | 1.959% |
| Credit Limit: | $10,000.00 | Margin: | 19.50000% |
| Initial Annual Fee: | $50.00 | | |
| Subsequent Annual Fee: | $50.00 | | |

In this agreement, "you" and "your" mean the Borrower(s) who sign(s) this agreement. "We", "us", and "our" mean the Lender. This agreement covers the terms and conditions of your Personal Credit Line Account ("Account"). It is important to us that you clearly understand the features of your Account. Please read this agreement carefully, and ask us any questions you may have. Your Account is a revolving line of credit extended to you by the Lender. You can obtain funds (up to your credit limit) directly from us or by using the Account checks we supply to you. You may pay your total unpaid balance at any time or in installments.

| | |
|---|---|
| Available Credit | You may obtain funds directly from us or through your Account checks up to your available credit. Each check must be written for at least $100.00. Your available credit is your credit limit less the total unpaid balance, including Finance Charges. If you make loan payments by check, we will adjust your available credit seven days after we receive your check to allow for check clearing. If you request funds that exceed your available credit, we are not obligated to honor your request; however, if we do lend you an amount over your available credit, you agree to pay us that excess amount, plus Finance Charges, if any, immediately. |
| Promise To Pay | In return for our establishing this Account, you agree to the terms of this agreement and to pay us: (a) amounts borrowed under this agreement; (b) Finance Charges; (c) administrative charge(s), (i.e. bad check charge); (d) other charges as provided in this agreement; (e) credit insurance charges, if any; (f) collection costs and any other amounts incurred by us in connection with the servicing of your Account, as permitted by applicable law; and, (g) amounts in excess of your credit limit that we may lend you, plus Finance Charges. We must receive at least the Monthly Minimum Payment shown on your monthly billing statement on or before its due date. You will make your monthly payments at the address shown on page one or at the address shown on your monthly billing statement or at a different place that we may give you. If more than one Borrower is named on page one, we may enforce this agreement against all Borrowers, or any single Borrower, but not in a combined amount greater than the amount owed. |
| Payments | You may repay your entire outstanding balance at any time without penalty. Because the Periodic Finance Charge is computed each day, you will need to contact us regarding the exact payoff amount for the day you intend to make full payment. You may not use your credit line checks to pay any amounts due under this agreement. |
| Minimum Monthly Payment | The Minimum Monthly Payment for any billing cycle will be the greater of: (1) $25.00 or Variable Payment Amount, as described below, (whichever is greater) plus any other charges and credit insurance charges, rounded to the nearest $1; or (2) the Finance Charges due for the billing cycle plus any administrative charges and credit insurance charges; or, (3) the amount of the Annual Fee, if assessed to your Account during that particular billing cycle. In each instance the Minimum Monthly Payment will be adjusted to include any unpaid amounts due from prior billing cycles. |
| | The Variable Minimum Monthly Payment depends on the monthly periodic rate applicable to your Account, and is calculated as follows: |

12/02/2008 11:59          Page 1 of 4          0418LE06



* A85953C80I - 99 - RLC - 9 - 000 - 0418LE - Z - 1 - O ** AGOADO ^ ORIGINAL

S&S000102

|  | Monthly Periodic Rate | Variable Minimum Monthly Payment |
|---|---|---|
|  | through 1.33% | 1.43% of Balance |
|  | over 1.33% through 1.45% | 1.55% of Balance |
|  | over 1.45% through 1.57% | 1.67% of Balance |
|  | over 1.57% through 1.70% | 1.80% of Balance |
|  | over 1.70% through 1.83% | 1.93% of Balance |
|  | over 1.83% through 1.95% | 2.00% of Balance |
|  | over 1.95% | 2.15% of Balance |

**Finance Charge**  The Finance Charge is the interest charged on the balance of your Account during each billing cycle. If any payment is not sufficient to pay the current Finance Charge on your Account, those unpaid Finance Charges will be added to the balance. The Finance Charge is calculated from the date that each advance, check or charge is posted to your Account. The Finance Charge is computed by multiplying the average daily balance of your Account in each billing cycle times the initial monthly periodic rate stated on page one. The average daily balance is determined by totaling all daily unpaid balances in each billing cycle and dividing the total by the number of days in that cycle. A daily unpaid balance is the amount owed each day, excluding any unpaid Finance Charge, administrative charges, but including any unpaid credit insurance charges from prior billing cycles and any other fees and charges disclosed in this agreement.

**Variable Rate**  You agree that the monthly periodic rate used in determining your Periodic Finance Charge will be a variable rate which will not change more often than once every three monthly billing periods. The monthly periodic rate will be one-twelfth of the sum of the Prime Rate plus the Margin.

The Prime Rate applicable to any billing cycle will be the prime rate published in The Wall Street Journal, on the first publication day of the month in which the billing period begins. If a range of rates is published, we will use the highest of the rates in the range.

When a change in the Prime Rate is published, a change in the monthly periodic rate will take effect on the first day of the billing cycle following the date of the published change. The new Monthly Periodic Rate will apply to new advances and charges and to the existing balance of your Account.

The initial monthly periodic rate on your Account is shown on page one. The monthly periodic rate will not exceed that permitted by applicable law. If circumstances such as a change in the law, any court ruling or discontinued publication of the index do not permit us to continue use of this variable rate index, we will change the index according to the procedure set out below in "Termination And Changes In The Agreement". An increase in the Prime Rate may increase the Annual Percentage Rate (corresponding to the monthly periodic rate) and the minimum payment on your Account.

**Bad Check Charge**  You agree to pay $20.00 each time any check or payment is made on your Account by any means, including but not limited to, a check, ACH or other electronic payment, which is returned unpaid by your bank or other financial institution for any reason.

**Annual Fee**  You agree to pay an annual fee for participation in this Account. The initial annual fee is due and payable on the date that your Account is established, and any subsequent annual fee(s), as stated on page one, will be due and payable on the same day of each subsequent year. You agree that these annual fees may be charged to your Account balance.

### ABOUT OUR RELATIONSHIP

**Exchange Of Information**  You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by applicable law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your Account documents. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you.

**Credit Bureau Reporting**  If you fail to fulfill the terms of your Account or this agreement, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency.



* A85953C80I - 99 - RLC - 9 - 000 - 0418LE - Z - 2 - O ** AGOADO ^ ORIGINAL

S&S000103

| | |
|---|---|
| Telephone Monitoring | You agree that we may listen to and/or record telephone calls between you and our representatives for quality assurance purposes. |
| Insurance | Credit insurance is optional. Any applicable insurance disclosures are included with this agreement and are incorporated herein by this reference. |
| Termination And Changes In The Agreement | We can change your right to obtain additional advances or change the terms of this agreement, including increasing the Annual Fee, the Minimum Monthly Payment and the rate of Finance Charge, at any time. Prior written notice will be provided to you when required by applicable law unless you consent to the change before that time. Changes may apply to both new and outstanding balances, unless prohibited by applicable law. In no event will the rate exceed the maximum permitted by applicable law. We can terminate your right to take future advances and terminate or reduce your credit line at any time and for any reason, including frequent overdrafts on your line of credit. Balances outstanding under this agreement when the credit limit is reduced or terminated will continue to accrue interest at the contract rate until paid in full. |
| Default And Cancellation Of Agreement | We have the right to require you to pay your entire balance plus all other accrued but unpaid charges immediately and/or to cancel your credit privileges under this agreement because of: failure to make any payment in full when due; frequent overdrawing of your line of credit; failure to supply us with any information requested; supplying us with misleading, false, incomplete or incorrect information; breaking any of the promises, terms or conditions that are contained in this agreement; the filing of a bankruptcy petition by or against you; or, the death of any borrower who signs this agreement. After default, you will pay our court costs, reasonable attorney fees (if attorney is not our salaried employee), and other collection cost related to the default, if not prohibited by applicable law. |
| Alternative Dispute Resolution And Other Riders | The terms of the Arbitration Rider signed by you as part of your agreement are incorporated herein by this reference. |
| Applicable Law | The terms and conditions of this Account will be governed by the laws of the State of New York, including the Licensed Lender Law, Banking Law of New York. |

## YOUR BILLING RIGHTS
### KEEP THIS NOTICE FOR FUTURE USE

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

*Notify Us In Case of Errors or Questions About Your Bill*
If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet at the address listed on your bill after the words: "Send your billing error notice to: (our name and address)". Write to us as soon as possible. We must hear from you no later then 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:
Your name and account number.
The dollar amount of the suspected error.
Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

*Your Rights and Our Responsibilities After We Receive Your Written Notice*
We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

12/02/2008 11:59    Page 3 of 4    0418LE08



* A85953C80I - 99 - RLC - 9 - 000 - 0418LE - Z - 3 - O ** AGOADO ^ ORIGINAL

S&S000104

Do not sign this agreement before you read it. You acknowledge that before signing this agreement, you have read and received this agreement and, as applicable, any other riders and/or disclosures incorporated herein by reference. By signing below, you agree to observe the terms and conditions of this agreement.

If this agreement is sold or otherwise transferred, the borrower's rights under the law or under this agreement are in no way altered or impaired.

Borrower: _____ Date: 12/2/08
DAVID AGOADO

12/02/2008 11:59        Page 4 of 4        0418LE08



* A85953C801 - 99 - RLC - 9 - 000 - 0418LE - Z - 4 - O ** AGOADO ^ ORIGINAL

S&S000105

# REVOLVING LOAN VOUCHER Page 1 of 1

**LENDER**
HOUSEHOLD FINANCE CORPORATION III
510 BROADHOLLOW RD
SUITE 104
MELVILLE, NY 11747

**BORROWERS (Called "You", "Your")**
DAVID AGOADO
1203 AUGUST ROAD
NO BABYLON, NY 11703

LOAN NO: 643501-20-138468

You agree to and direct the disbursements and advances described below, which are made pursuant to and under Your agreement for the loan number referenced above.

| | |
|---|---|
| INITIAL ANNUAL FEE | $50.00 |
| CHECK TO YOU | $9,950.00 |
| TOTAL AMOUNT ADVANCED | $10,000.00 |

Borrower: _/s/ David Agoado_         Date: 12/2/08
DAVID AGOADO

12/02/2008 11:59                                            0234LE03



* A85953C80I - 99 - RLV - 9 - 000 - 0234LE - Z - 1 - O ** AGOADO ^ ORIGINAL

S&S000106

# ARBITRATION RIDER
United States

This Arbitration Rider is signed as part of Your Agreement with Lender and is made a part of that Agreement. By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present, or future), including initial claims, counter-claims, cross-claims, and third-party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. The party initiating the arbitration proceeding shall have the right to select one of the following three arbitration administrators: the American Arbitration Association ("AAA"), National Arbitration Forum ("NAF") or JAMS/Endispute ("JAMS"). The arbitrator shall be a lawyer with more than ten years experience or a retired or former judge. The arbitrator shall be independent of and unrelated to you or Lender. Notwithstanding any language in this Arbitration Rider to the contrary, no arbitration may be administered, without the consent of all parties to the arbitration, by any organization that has in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Rider, including the Class Action Waiver Provision defined below. The rules and forms of the AAA, NAF and JAMS may be obtained by writing to these organizations at the addresses and/or websites listed below. Our address for the service of process under this provision is: P.O. Box 279, Mt. Prospect, IL 60056.

Any participatory arbitration hearing that you attend will take place in the city nearest to your residence where a federal district court is located or at such other location as agreed by the parties.

If Lender files a Claim, Lender shall pay all the filing costs. If you file a Claim, filing costs and administrative fees, (other than hearing fees) shall be paid as follows: (a) you agree to pay for the initial cost of filing the Claim up to the maximum amount of $100.00; and (b) if required by the arbitration administrator's rules, we will pay for filing costs over $100.00 and for any administrative fees charged by the arbitration administrator on any Claim submitted by you up to a maximum of the amount of the filing costs and administrative fees that would be charged by the arbitration administrator for a Claim equal to your loan amount. Any filing costs and/or administrative fees assessed for a Claim in excess of your loan amount shall be paid by you. The lender shall pay the cost of one full day of arbitration hearings. Fees for hearings that exceed one day will be paid by the requesting party. We shall each bear the expense of our respective attorney's fees, except as otherwise provided by law. If a statute gives you the right to recover any of these fees, or the fees paid to the arbitration administrator, these statutory rights shall apply in the arbitration notwithstanding anything to the contrary herein. If the arbitrator issues an award in our favor, you will not be required to reimburse us for any fees we have previously paid to the arbitration administrator or for which we are responsible.

This Arbitration Rider is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections *1-16* (the "FAA"). The arbitrator shall apply applicable substantive law consistent with the FAA, including laws concerning reception, rejection, and consideration of evidence and shall provide written reasoned findings of fact and conclusions of law. The arbitrator's award shall not be subject to appeal except as permitted by the FAA. For Claims where there is an appeal right under the FAA, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo (i.e. in its entirety) any aspect or all aspects of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Judgment upon the award may be entered in any court having jurisdiction. All statutes of limitations that would otherwise be applicable shall apply to any arbitration proceeding.

12/02/2008 11:59 Page 1 of 4 0111LE11



* A85953C80I - 99 - XAR - 9 - 000 - 0111LE - Z - 1 - O ** AGOADO ^ ORIGINAL

S&S000098

# ARBITRATION RIDER
United States

We agree not to invoke our right to arbitrate an individual Claim you may bring in Small Claims Court or an equivalent court, if any, so long as the Claim is pending only in that court. No class actions or private attorney general actions in court or in arbitration or joinder or consolidation of claims in court or with other persons are permitted in arbitration without the written consent of the parties. The validity and effect of the preceding sentence (herein referred to as the "Class Action Waiver Provision") shall be determined exclusively by a court and not by the administrator or any arbitrator. Neither the administrator nor any arbitrator shall have the power or authority to waive, modify or fail to enforce the Class Action Waiver Provision, and any attempt to do so, whether by rule, policy, arbitration decision or otherwise, shall be invalid and unenforceable.

The arbitrator shall be empowered to impose sanctions and to take such other actions as the arbitrator deems necessary to the same extent as could be imposed by a judge pursuant to the Federal Rules of Civil Procedure.

This Arbitration Rider shall survive repayment of your loan and/or termination of the Agreement. If any portion of this Arbitration Rider is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Arbitration Rider of the Agreement. However, if a determination is made that the Class Action Waiver Provision is unenforceable, this Arbitration Rider (other than this sentence) and any prior Arbitration Rider shall be null and void. In the event of a conflict or inconsistency between the rules and procedures of the arbitration administrator and this Arbitration Rider, this Arbitration Rider shall govern.

No provision of, nor the exercise of any rights under this Arbitration Rider shall limit the right of any party during the pendency of any Claim, to seek and use ancillary or preliminary remedies, judicial or otherwise, for the purpose of realizing upon, preserving, protecting, or foreclosing upon any property involved in any Claim or subject to the loan documents. The use of the courts shall not constitute a waiver of the right of any party, including the plaintiff, to submit any Claim to arbitration nor render inapplicable the compulsory arbitration provisions contained in this Arbitration Rider.

**THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.**

You may contact, obtain the arbitration rules of, or file a Claim with AAA, NAF or JAMS as follows:

| American Arbitration Association | National Arbitration Forum (NAF) | JAMS/Endispute |
|---|---|---|
| 335 Madison Avenue | P.O. Box 50191 | 555 13th Street NW |
| New York, NY 10017 | Minneapolis, MN 55405 | Suite 400 West |
| www.adr.org | www.arb-forum.org | Washington, DC 20004 |
| Arbitration Rules for Consumer Related Disputes (claims under $10,000). | Code of Procedure | www.jamsadr.com |
| Arbitration Rules (all other claims). | | Financial Services Arbitration Rules and Procedures |

To reject this Arbitration Rider, you must send Lender a signed writing ("Rejection Notice") that is received within thirty (30) days after the date shown on the bottom left hand corner of this Arbitration

12/02/2008 11:59      Page 2 of 4      0111LE11



* A85953C80I - 99 - XAR - 9 - 000 - 0111LE - Z - 2 - O ** AGOADO ^ ORIGINAL

S&S000099

## ARBITRATION RIDER
United States

Rider. The Rejection Notice must be sent to the following address: P.O. Box 279, Mt. Prospect, IL 60056. The Rejection Notice must identify the loan transaction involved and must include your name, address, and social security number and must be signed by all persons signing this Arbitration Rider. You may send the Rejection Notice in any manner you see fit as long as it is received at the specified address within the specified time. No other methods can be used to reject this Arbitration Rider. If the Rejection Notice is sent on your behalf by a third party, such third party must include evidence of his or her authority to submit the Rejection Notice on your behalf.

**Waiver Upon Sale or Transfer to Freddie Mac or Fannie Mae or to Certain Other Parties who may Transfer or Sell Your Loan or an Interest in Your Loan to Freddie Mac or Fannie Mae**

Notwithstanding any other provision in this Arbitration Rider, in the event of a transfer or sale of Your Agreement or an interest in your Agreement to Freddie Mac or Fannie Mae or to another party who has elected to terminate this Arbitration Rider because it may sell or transfer Your Agreement or an interest in Your Agreement to Freddie Mac or Fannie Mae:

- subject to the last bullet point in this section, this Arbitration Rider immediately becomes null and void and cannot be reinstated;
- neither Lender nor any servicer shall require that You submit to arbitration to resolve any dispute arising out of or relating in any way to the mortgage loan transaction evidenced by your Agreement;
- Lender or the servicer will provide You with written notice that this Arbitration Rider has become null and void not later than 60 days from the date of transfer or sale to Freddie Mac or Fannie Mae or to another party who has elected to terminate this Arbitration Rider because it may sell Your Loan or an interest in Your Loan to Freddie Mac or Fannie Mae. Such notice will contain substantially the following language in bold, capital letters, in clear and conspicuous type-face:

    PURSUANT TO YOUR MORTGAGE LOAN DOCUMENTS, WE ARE HEREBY NOTIFYING YOU THAT AN INTEREST IN YOUR LOAN HAS BEEN SOLD OR TRANSFERRED TO FREDDIE MAC OR FANNIE MAE OR TO ANOTHER PARTY WHO HAS ELECTED TO TERMINATE THE ARBITRATION RIDER BECAUSE IT MAY SELL YOUR LOAN OR AN INTEREST IN YOUR LOAN TO FREDDIE MAC OR FANNIE MAE. THEREFORE THE ARBITRATION RIDER OF YOUR LOAN REQUIRING THAT YOU OR LENDER SUBMIT TO ARBITRATION TO RESOLVE DISPUTES ARISING OUT OF OR RELATING TO YOUR MORTGAGE LOAN IS IMMEDIATELY NULL AND VOID. YOU ARE FREE TO CHOOSE TO EXERCISE ANY OF YOUR RIGHTS OR ENFORCE ANY REMEDIES UNDER YOUR MORTGAGE LOAN THROUGH THE COURT SYSTEM. HOWEVER, THIS NOTICE DOES NOT APPLY TO VOID ANY ARBITRATION PROCEEDING THAT IS PENDING ON THE DATE OF THIS SALE OR TRANSFER.

- Lender or the servicer will maintain a copy of such notice in the mortgage file.

12/02/2008 11:59        Page 3 of 4        0111LE11



* A85953C80I - 99 - XAR - 9 - 000 - 0111LE - Z - 3 - O ** AGOADO ^ ORIGINAL

S&S000100

## ARBITRATION RIDER
### United States

- This Arbitration Rider will remain in full force and effect unless and until Lender or Servicer provide you with the written notice described above.
- This section will not apply to any arbitration proceeding which is already pending at the time that Your Loan (or an interest therein) is transferred or sold to Freddie Mac or Fannie Mae, or to another party who has elected to terminate this Arbitration Rider because it may transfer or sell Your Agreement (or an interest therein) to Freddie Mac or Fannie Mae. This section will apply to any arbitration proceedings initiated after such transfer or sale.

By signing below, you acknowledge that: (1) You have read this entire Arbitration Rider carefully; (2) You agree to arbitrate any claims that you may have upon your or Lender's election, **unless Lender or the servicer provide You with written notice that this Arbitration Rider has become null and void** (pursuant to the notice requirements outlined in the Arbitration Rider); and (3) You have 30 days from the date shown on the bottom left hand corner of this Arbitration Rider to reject this Arbitration Rider by following the procedures described above, and understand that any such rejection will have no other effect on the loan transaction.

Borrower: _____  Date: 12/2/08
DAVID AGOADO

_DAVID J AGOADO_
Print Name


HOUSEHOLD FINANCE CORPORATION III

By: _____  Date: 12/2/08


12/02/2008 11:59          Page 4 of 4          0111LE11

\* A85953C801 - 99 - XAR - 9 - 000 - 0111LE - Z - 4 - O \*\* AGOADO ^ ORIGINAL

S&S000101